WALTER G. HALL, Respondent, *v.* JULES S. BACHE and Others, Copartners, Doing Business under the Firm Name and Style of J. S. BACHE & Co., Appellants.

First Department, April 15, 1932.

*Bouvier & Beale,* for the appellants.

*Caruthers Ewing* of counsel [*John D. Lindsay,* attorney], for the respondent.

PER CURIAM. The motion for a reargument is granted, and upon such reargument the prior determination of this court is revised.

The proof at trial showed that while defendants were clearing the transactions of Hicks & Co. upon the Cotton Exchange, they took over plaintiff's property and carried his transactions in a separate account with knowledge that it belonged to plaintiff. When Hicks & Co. failed to respond to demands for margins, defendants closed out its speculative accounts, but preserved for several days the accounts of its customers appearing upon its books. Among such was plaintiff's account which showed, according to a statement rendered on February 8, 1928, a credit balance in his favor in the sum of $4,119.63. On the same day, plaintiff was long 900 bales of May cotton.

After a petition in bankruptcy was filed against Hicks & Co., defendants closed out plaintiff's account without authority from him and without notice, selling out his cotton contracts at an average price of seventeen and fifty-eight one-hundredths cents per pound. The proof of this conversion was well established.

On February 16, 1928, plaintiff, who was then in Little Rock, Ark., learned of the failure of Hicks & Co., and started for New York city. He did not know that defendants had taken over his account until February 22, 1928. He called upon one of the defendants and was by him referred to defendants' attorneys who, likewise acting for the receiver in bankruptcy, had access to or possession of the books of the bankrupt. In the course of several interviews in the early part of March, 1928, between plaintiff and defendants' attorneys, the item of $7,124.03 entered into their discussion as to settlement, and plaintiff was willing to take that sum because, as testified by him, " I could have repurchased my cotton for that amount. That was all that was due me then." Respondent now contends that he meant that an outlay of that amount at that time would have been necessary to reinstate his ownership of the 900 bales of May cotton.

The jury were instructed by the trial court that in measuring damages they could select any date prior to April 24, 1928. The market had been rising and, in accordance with that instruction, the jury selected the last-mentioned date and accordingly awarded to plaintiff damages for the conversion in the sum of $12,735.

In support of the judgment, respondent contends that plaintiff's time to replace the converted contracts was extended by reason of the statement of one of defendants' attorneys at their last conference, when plaintiff was told to go home, leave the matter with him, and that he would hear from defendants' counsel. Plaintiff received no communication thereafter, either from defendants or their attorneys.

After the argument on appeal, a stipulation was filed whereunder this court, in the event that it upholds a directed verdict in plaintiff's favor, may fix the reasonable time within which to compute the damage and determine the amount.

Our attention is now called on this motion to the entry in the diary of defendants' attorneys indicating that the last interview with plaintiff took place on March 9, 1928, after which plaintiff left New York city and returned to Little Rock, Ark. Allowing him a reasonable opportunity thereafter within which to determine whether he should repurchase the 900 bales of May cotton which defendants had sold without notice, we conclude that under the stipulation filed herein such time expired on March 21, 1928. (*Rosenbaum* v. *Stiebel*, 137 App. Div. 912.) Therefore, plaintiff is entitled to recover damages to be limited by the highest price reached between the date of conversion and March 21, 1928.

The accounts are confusing, but sufficient appears to indicate that the purchase by plaintiff of the 900 bales of May cotton cost on the average nineteen and seven one-hundredths cents per pound. His damages must be measured by the difference between the purchase price and the price reached on March 21, 1928, *i. e.*, nineteen and fifty-five one-hundredths cents per pound, to which should be added the cash balance which was in his account at the time of the conversion, with interest upon each of these items. This treats the plaintiff's account as unaffected by the unauthorized sale on February 8, 1928, of his 900 bales of cotton. (*Campbell* v. *Wright*, 118 N. Y. 594, 602.)

Accordingly the verdict should be modified by reducing it to the sum of $4,119.63 for the credit balance, together with $2,160 damages for the conversion, making a total of $6,279.63, with interest.

As so modified the judgment appealed from should be affirmed, without costs. The order denying the motion for a new trial should be affirmed.

Present — Finch, P. J., Merrell, McAvoy, Martin and Sherman, JJ.

Motion for reargument granted, judgment modified as directed in opinion and as so modified the judgment and order denying motion for a new trial are affirmed, without costs.

Settle order on notice.