MILDRED C. GERMAN, Appellant, *v.* CHARLES V. SNEDEKER and Others, Copartners, Doing Business under the Firm Name and Style of CARREAU & SNEDEKER, Respondents.

First Department, June 29, 1939.

*J. Leon Friedman*, for the appellant.

*Pliny W. Williamson*, for the respondents.

TOWNLEY, J. Plaintiff's complaint has been dismissed on motion made by the defendants under rule 113 of the Rules of Civil Practice, upon the theory that on the conceded facts she has suffered no

damage as a result of the transactions stated therein. It is alleged (and we must assume for the purposes of this motion that the charge is true) that securities carried by the defendants as her brokers were transferred from her account to that of her husband; and that at the time of this unauthorized transfer a substantial credit balance in her account was appropriated by the defendants. Her damages are based on the value of the stock *at the time of the conversion* or within a reasonable time thereafter, whichever is higher. To hold otherwise would enable the defendants to enjoy the proceeds of their own wrong and deprive the plaintiff of any compensation if the converted securities should depreciate in market value after the date of the conversion.

The correct rule of law is stated in *Matter of Weed & Co.* (53 F. [2d] 335, 341), as follows:

" But the price within a reasonable time after notice has been stated by the Court of Appeals as the proper measure of damages and has been generally regarded as the New York rule (30 Harv. Law Rev. at page 124) except in cases where it is less than the value at the date of conversion. (*McIntyre* v. *Whitney*, 139 App. Div. 557; 124 N. Y. S. 234; affirmed, 201 N. Y. 526; 94 N. E. 1096.) In other words, under the New York rule the measure of damages for conversion applicable in this situation is the market value of the stock at the time of the unauthorized hypothecation, or the market value within a reasonable time after notice of the hypothecation, whichever amount is the higher. \* \* \*

" A person whose property is converted may recover at least its value at the time of conversion. (*McIntyre* v. *Whitney*, 139 App. Div. 557; 124 N. Y. S. 234; affirmed, 201 N. Y. 526; 94 N. E. 1096; *Hunt* v. *Boston*, 183 Mass. 303; 67 N. E. 244.)"

The rule of damages on which the dismissal at Special Term apparently was based has no application to the facts pleaded.

The judgment and order should be reversed, with costs, and the motion denied.

O'MALLEY, DORE, COHN and CALLAHAN, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motion denied.