Jacob Markowitz, J.
Both parties to this action have waived findings of fact and conclusions of law.
Defendant caused plaintiff’s stock to be sold on October 25, 1960. At that time, plaintiff was not in default under the terms of the loan for which the stock had been pledged as security. No evidence has been adduced by defendant of the existence of any agreement, written or oral, which authorized defendant to sell the collateral in the absence of a default upon the loan. The sale of the stock was, therefore, a conversion (see Mayer v. Monzo, 221 N. Y. 442).
The measure of damages for the conversion of articles of fluctuating value, such as marketable securities, is the difference between the amount credited to plaintiff as the proceeds of the unauthorized sale and the highest market value within a reasonable time after notice of the conversion (Mayer v. Monzo, supra; German v. Snedeker, 257 App. Div. 596, affd. 281 N. Y. 832; Jones v. National Chautauqua County Bank, 272 App. Div. 521, 528; Gerdes v. Reynolds, 30 N. Y. S. 2d 755, 762; Phillips v. Bank of Athens Trust Co., 202 Misc. 698). The purpose of the rule, giving the plaintiff the benefit of the highest price reached within a reasonable time after he learns of the unauthorized sale, is stated by Mr. Justice Laugi-ilik, writing for the Appellate Divi *403 sion of this Department, in Burhorn v. Lockwood (71 App. Div. 301, 304), to be to give the plaintiff “ reasonable opportunity to consult counsel, to employ other brokers and to watch the market for the purpose of determining whether it is advisable to purchase on a particular day or when the stock reaches a particular quotation, and to raise funds if he decides to repurchase,” In Mayer v. Monzo (242 N. Y. 442, 446, supra) the Court of Appeals stated that the purpose of the reasonable time rule was to give the person whose stock had been converted: “ a reasonable time after notice of the conversion within which to determine whether he will purchase other stocks in the place thereof.” In Phillips v. Bank of Athens Trust Co. (supra) the court held that a period of one week after the plaintiff notified the defendant of his objections to the sale was a reasonable time. In Mayer v. Monzo (supra, pp. 446-447) the Court of Appeals said: “It has been held under varying circumstances that thirty days or fifteen days or sixty days would be such reasonable period.” In Keller v. Halsey (130 App. Div. 598) nine days was held to be a reasonable time. In Hall v. Bache (235 App. Div. 256) the Appellate Division of this Department held that the plaintiff’s time to decide whether to repurchase expired 12 days after his last interview with defendant’s attorneys.
In the instant case, plaintiff learned of the wrongful sale of his stock on October 26, 1960 while he was in Hawaii. He returned to New York during the first week of November, 1960. After demanding unsuccessfully that defendant restore the stock to Ms account, he thereafter consulted an attorney, and authorized the latter to write a letter, dated November 14, 1960 to defendant in which demand was again made upon defendant to restore the stock. This demand was likewise rejected by defendant, on November 16, 1960, Although plaintiff conceded at the trial that he was financially able to purchase and pay for equivalent stock at the time of the conversion and at all times thereafter, he did not do so. It is clear that plaintiff had defimtely made up his mind, prior to and immediately upon Ms return, that the trend of the market was upward and that he wished to be restored to the stock. He further knew soon after Ms return (and probably sooner) that defendant refused to restore the stock and that, if he wanted it restored, he would have to purchase it. In these circumstances, having in mind the purpose of the reasonable time rule and plaintiff’s ability to arrange for the financing of a purchase by himself, the court is of opinion that the reasonable time period applicable here expired prior to November 19,1960. Plaintiff had ample time before that date to make arrangements to purchase the stock himself and to *404 finance the transaction. To grant plaintiff a greater period of time would permit him to speculate on the future course of the market at defendant’s expense. It is to he borne in mind that plaintiff’s original purchase of the stock was not for investment purposes. He was a trader, speculating in stocks which he bought and sold as conditions seemed to him to require, for a number of years.
Plaintiff contends that the reasonable time rule applies only to cases where the defendant acted in good faith or because of an honest mistake. In Gerdes v. Reynolds (30 N. Y. S. 2d 755, 762, supra) Mr. Justice Walter said: “ The plaintiffs suggest that the earlier rule has not been relaxed in cases where the conversion has been wilful and malicious; but no such differentiation is discernible in the leading authorities on the subject.” There are references in the cases to the possibility of a different rule where punitive damages are proper (see, e.g., Baker v. Drake, 53 N. Y. 211, 220). There is, however, no basis in the present record for an award of punitive damages to plaintiff. The evidence does not establish that the purpose of the wrongful sale was to harm the plaintiff. The object of the sale was obviously the protection of the defendant’s interests.
Plaintiff contends that he bought the stock with the intention of holding it for the six months ’ period necessary to enable him to treat any profit as a long-term capital gain for tax purposes. This, it is argued, is a special circumstance, which requires a holding that the reasonable time period did not expire until the middle of May, 1961. The court is, however, unable to accept plaintiff’s contention. Defendant was not put on notice of the existence of such an intention on plaintiff’s part. Furthermore, his intention was obviously subject to the condition of the market during the six months’ period following the date of plaintiff’s purchase of the stock. In effect, plaintiff is asking the court to grant him a period of at least six months for the purpose of enabling him to speculate at defendant’s expense. This is unwarranted. It is to be noted that if plaintiff had purchased the stock himself in the middle of November, 1960 after defendant refused to make the purchase, and had held it for six months thereafter, he could have realized a substantial capital gain. Defendant should not be charged with the loss of this gain, which plaintiff could have obtained for himself had he been willing to risk his own funds in the repurchase of the stock.
Plaintiff contends also that defendant is not entitled to credit for the amount of its loan because the provisions of section 379 of the General Business Law make the loan void for usury, there being no written agreement entitling defendant to receive more *405 than 6% interest. The law is, however, to the contrary. The effect of the absence of the written agreement provided for in section 379 of the General Business Law is only to limit the interest to 6% per annum, and not to invalidate the loan (Wright v. Toomey, 137 App. Div. 401, affd. 204 N. Y. 661; Brumley v. Robinson, 120 Misc. 799).
The parties stipulated upon the trial that the difference between the price realized on the sale and the average high reached by November 19,1960 was 10 points. Plaintiff is, therefore, entitled to credit for $9,800 for his 200 shares, less $7,500, with interest thereon at 6% per annum from September 27, I960 to October 27,1960 the approximate date when defendant repaid the loan to itself from the proceeds of the wrongful sale. This interest amounts to $37.50. Judgment is accordingly directed in favor of plaintiff in the sum of $2,262.50.