Josefa Cana de ARELLANO and Manuel R. Arellano, Plaintiffs-Appellees,

v.

JACQUES COE & CO., Defendant-Appellant.

No. 36, Docket 32234.

United States Court of Appeals Second Circuit.

Argued Sept. 16, 1968.

Decided Nov. 20, 1968.

Andrew J. Connick, New York City (Milbank, Tweed, Hadley & McCloy and John W. Dean, New York City, on the brief), for plaintiffs-appellees.

Emanuel Becker, New York City, for defendant-appellant.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

PER CURIAM:

The defendant, Jacques Coe & Co., appeals from a judgment of the Southern District which held that under New York law plaintiffs were the owners of certain securities entrusted to the defendant and were entitled to recover them in a diversity action. Judge Tyler, sitting without a jury, found that in 1959 Coe had acknowledged the plaintiffs to be the sole owners of the account and had thereby waived any right to set off against their accounts debts owed to Coe by the broker of the plaintiffs, Ignacio Mendoza. As we find ample evidence to support Judge Tyler's findings we affirm the judgment of the district court.

■ Although prior to April 1959 the securities of the plaintiffs had been pledged as part of an omnibus account to defendant Coe in accordance with certain arrangements between Coe and Mendoza, in April 1959 Mendoza instructed Coe that the securities in three special accounts were the exclusive property of the plaintiffs and should be so treated. These securities were then transferred, free and clear of any pre-existing liens, to a separate account at that time. In addition, Coe treated the plaintiffs' account as separate from the others for income tax purposes. See De Gomez-Mena v. Jacques Coe, 11 N.Y.2d 493, 496, 230 N.Y.S.2d 995, 184 N.E.2d 582 (1962), where the Court of Appeals held, granting summary judgment in a case involving Coe and Mendoza, that a securities account was the exclusive property of plaintiffs because Mendoza had written a letter saying it was, and because Coe had separated the bookkeep-ing of the account in suit from the bookkeeping for the accounts held by Mendoza as agent for his customers.

■ Judge Tyler's exclusions of evidence went on the proper theory that conversations and documents exchanged between Mendoza and Coe, or between Coe's employees, which plaintiffs never knew about, could not be used by Coe to prove that it never thought that the account in suit belonged to them.

■ Since the action was brought only to determine the respective rights of the parties to these securities, and since Mendoza himself never made any claim to them, he was not an indispensable party.

■ The judgment is modified to include dividends and interest paid on the securities, and interest accruing on the monetary award, during the period since entry of the district court judgment. As so modified, the judgment is affirmed.