**William F. O'CONNOR, Plaintiff,**

v.

**GCA CORPORATION, Defendant.**

**No. 71 Civ. 3383.**

United States District Court,
S. D. New York.

Sept. 28, 1971.

John F. Costelloe, Centerport, N. Y., Sp. Counsel for plaintiff.

Squadron, Gartenberg, Ellenoff & Plesent, New York City, for defendant by Howard M. Squadron, New York City, of counsel.

GURFEIN, District Judge.

This is a motion to dismiss the complaint on the dual grounds that this Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted. F.R.Civ.P. Rules 12(b) (1) and (6). Alternatively, defendant moves for summary judgment pursuant to Rule 56 on the ground that there are no triable issues of fact.

From the motion papers the facts can be briefly stated. The plaintiff held 200 shares of common stock of the Markite Corporation (Markite). The defendant, in contemplation of a merger with Markite and after acquiring two-thirds of Markite's common stock from several substantial shareholders, made a tender offer for the remaining common stock to Markite minority shareholders, among them the plaintiff. The plaintiff alleges that, as a result of the defendant's misrepresentations made as part of the tender offer, the plaintiff accepted the tender offer and thereby sold 100 of his 200 Markite shares to the defendant at a price of $2.50 per share. The defendant

increased its interest in Markite to over 90% by virtue of the tender offer. It then, on March 9, 1971, proposed a short form merger by which it would acquire the remaining Markite shares at $1.87 per share (14A N.J.Stat.Ann. 10–5). The plaintiff, upon finding allegedly misplaced certificates, sent to the defendant his remaining 100 Markite shares after the short form merger was consummated on March 31, 1971. The defendant informed the plaintiff that the tender offer had expired but that the plaintiff could avail himself of appraisal rights growing out of the merger between defendant and Markite. The plaintiff still owns those 100 shares.

The *pro se* complaint alleges simply that the defendant:

"converted to its own use 200 shares of stock in Markite Corporation of the value of $2,000, the property of the plaintiff, in violation of State and Federal law as to securities transactions and taxation and requiring imposition of punitive damages in the amount of $1,000,000."

The plaintiff further alleges that there is diversity of citizenship and that the Ten Thousand Dollar jurisdictional requirement is met.

■ The motion to dismiss may be treated as a motion for summary judgment. F.R.Civ.P. Rule 12(b); 2A Moore's Federal Practice ¶12.09[3], note 21. The motion papers clearly reveal that the plaintiff yielded 100 shares of Markite stock for a bargained consideration in response to the tender offer. As to the other 100 shares he retains ownership, although his certificate means only that he has a claim for cash against the surviving corporation. Having thus disposed of 100 shares for a

consideration and kept the other 100 shares, the plaintiff fails to state a claim for "conversion." He may have some claim for obtaining money under false pretenses by use of a false tender offer but calling that conversion, while confusing, would not necessarily be fatal. Here the complaint states no facts whatever to show either fraud or conversion. That is simply not enough to save the complaint on diversity grounds.*

■■ Although the allegation is that there was "a violation of State and Federal law as to securities transactions and taxation," there is no claim of fraud, nor is there a statement of any facts showing that the pleader is entitled to relief. F.R.Civ.P. 8(a) (2). The allegation of fraud cannot be presumed and, if made, cannot be conclusory in form even under our modern notice pleadings. Mere conclusory allegations to the effect that defendant's conduct was fraudulent or in violation of Rule 10b–5 are insufficient. Trussell v. United Underwriters, Ltd., 228 F.Supp. 757, 774 (D.Colo. 1964), 2A Moore's Federal Practice ¶ 9.03.

Rule 9(b) F.R.Civ.P. states: "In all averments of fraud * * * the circumstances constituting fraud * * * shall be stated with particularity." Obviously, the present complaint is wholly defective. In his papers, however, the plaintiff appears to indicate that he may have been a defrauded seller under a false and misleading tender offer and that he may have been the victim of a fraudulent scheme resulting in an unfair short form merger. See e. g. Vine v. Beneficial Finance Co., 374 F.2d 627 (2 Cir. 1967). Since the plaintiff upon the oral argument suggested that he is about to retain an attorney, we will dis-

---

* There is grave question even if a claim for conversion had been stated as to whether in the circumstances a claim for punitive damages would raise the amount in controversy from a presumptive $500 to above the $10,000 requirement. Under New York law punitive damages can only be assessed where there is malice direct-ed against the plaintiff as distinguished from the case where acts are done on behalf of the defendant for business reasons. See Gelb v. Zimet Bros. Inc., 34 Misc.2d 401, 404, 228 N.Y.S.2d 111 (Sup. Ct.N.Y.Co.1962), affd. 18 A.D.2d 967, 237 N.Y.S.2d 989 (1st Dept.1963).

miss the complaint but in the interests of justice permit the plaintiff to file an amended complaint. See F.R.Civ.P. Rule 15(a).

The complaint is dismissed with leave to plaintiff to replead within 30 days.

So ordered.