In the Matter of METRO EQUIPMENT & RENTAL CORP., Bankrupt.

Paul A. WEICK, Trustee, Plaintiff,

v.

Donald T. HELTZEL and E.G. Heltzel, Defendants.

Bankruptcy No. B79–665A.

United States Bankruptcy Court, N.D. Ohio.

March 31, 1983.

David Schaefer, Cleveland, Ohio, for defendants.

Paul Weick, Cuyahoga Falls, Ohio, trustee-plaintiff.

Jerome Holub, Akron, Ohio, Jerome Leiken, Cleveland, Ohio, for trustee.

## FINDING AS TO MOTION TO DISMISS

H.F. WHITE, Bankruptcy Judge.

This cause came on upon the filing of a complaint to recover assets of the estate by Plaintiff, Paul A. Weick, Trustee in Bankruptcy, against defendants, Donald T. Heltzel and E.G. Heltzel, on October 12, 1982. An amended complaint was filed on January 4, 1983.

On January 24, 1983, defendants filed their motion to dismiss the entire amended complaint due to the decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Company*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). They further moved to dismiss Counts One and Three on the basis that the counts failed to state a claim for which relief may be granted.

A brief in opposition to the motion to dismiss was filed by Plaintiff on January 31, 1983 and a reply brief by defendants was filed on February 25, 1983.

## LAW

At the hearing on the motion to dismiss, this Court indicated that the decision in *Marathon Pipeline* did not apply to this case inasmuch as the Bankruptcy Act of 1898 was in effect when debtor, Metro Equipment and Rental Corp., filed its petition in bankruptcy and that that Act continues to govern this case. Title IV, Section 403(a), Bankruptcy Reform Act of 1978.

■ As noted in the initial paragraph of the Supreme Court's decision in *Marathon Pipeline,*

The question presented [therein] is whether the assignment by Congress to bankruptcy judges of the jurisdiction granted in Section 241(a) of the *Bankruptcy Act of 1978,* 28 U.S.C. Section 1471 (1976 ed., Supp. III), violates Art. III of the constitution.

The decision in *Marathon Pipeline* was not intended to, and does not, apply to cases which are subject to the Bankruptcy Act of 1898. Defendants' motion to dismiss the entire amended complaint on the basis of *Marathon Pipeline* must be denied.

With regard to the issue of jurisdiction, this Court indicated at the hearing that the real issue is that of summary versus plenary jurisdiction. In this regard, defendants argued that the amended complaint does not fall within the summary jurisdiction of the court.

Count One of the amended complaint requests the return of a security deposit held by debtor's landlords, Donald T. and Elizabeth Heltzel. It is argued that the security deposit is property of this estate.

Count Two alleges a preferential transfer subject to avoidance under Section 60. Count Three appears to allege negligence and fraud on the part of defendants during the period of time the debtor was operating under Chapter XI.

Initially, this Court finds that Plaintiff has stated a claim for relief in Count One. It has been held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Count One seeks the return of a security deposit. As stated in Trustee's memorandum, the basis for this cause of action is the deemed rejection of the lease pursuant to Section 70b. of the Bankruptcy Act. Plaintiff contends that because of the deemed rejection, he is entitled to turn-over of the funds. Proof of these facts may well result in an order of turnover by this Court. Count One, therefore, does state a claim for relief.

■ Further, this Court does have summary jurisdiction over Count One. As stated in 2 Collier on Bankruptcy, Paragraph 23.10 (14th ed. 1981), "One of the more frequent forms of the exercise of summary jurisdiction is the issuance of an order to turn over property or its proceeds to the supervision and control of the bankruptcy court and its officers".

Even if this court were to find, after a hearing on the issue, that this case is one where an application for turnover requires a plenary proceeding, see 2 Collier, *supra.,* the court finds that defendants have consented to the summary jurisdiction of this Court.

The initial complaint filed herein contained one cause of action. That cause of action was reiterated as Count One of Plaintiff's Amended Complaint. An answer to the initial complaint was filed on November 12, 1982 along with a five count counterclaim. Until the amended complaint was filed and indeed, until the hearing on the motion to dismiss, defendants never raised an issue as to this Court's summary jurisdiction over Count One. As such, the Court believes the defendants have consented to this Court's summary jurisdiction over Count One of the Amended Complaint. Section 23 (11 U.S.C. Section 46); 2A Collier on Bankruptcy 14th ed. paragraph 38.09[2] at 1428.

In their Reply Brief and Supplemental Memorandum, defendants raised a question as to the summary jurisdiction of this Court

over Count Two, a preference action. Defendants rely on Sections 23 and 60 of the Bankruptcy Act to support their contention that Count Two must be handled as a plenary proceeding. In opposition to this contention, Plaintiff argues that defendants consented to this Court's jurisdiction when they filed their proofs of claim herein.

In this regard, the Court has reviewed the claims filed herein. Defendant, Donald Heltzel has filed five proofs of claims being claim Nos. 86, 106, 107, 109, and 113. Defendant, Elizabeth Heltzel, has filed four proofs of claim, to-wit: claims Nos. 108, 110, 111, and 112. The claims of Donald Heltzel are for wages earned (# 86), an advance to Metro to retire part of a bank debt (# 106), a loan to Metro in the amount of $19,400.00 (# 107), real estate taxes (# 109), and rent for the first five days of August 1979 for 460 East Highland Road, Macedonia, Ohio (# 113).

Claims were filed by Elizabeth Heltzel, wife of Donald Heltzel, for a loan to Metro in the amount of $19,400.00 (# 108), for real estate taxes (# 110), for a loan to Metro in the amount of $10,377.68 (# 111) and for rent for 460 East Highland Road, Macedonia, Ohio (# 112).

■ By filing these proofs of claim, defendants, Donald and Elizabeth Heltzel, effectively bestowed jurisdiction on this Court over the preference action. In *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), it was argued that, notwithstanding the filing of a proof of claim in a bankruptcy case, an action for the recovery of a preference had to be handled as a plenary proceeding. The Supreme Court held otherwise, finding that a Bankruptcy Court has summary jurisdiction where the creditor has filed a proof of claim not only to determine the issue as to whether a preference did occur but also to order the surrender of the preference. Under this decision, the claim set forth in the proof of claim does not have to be related to the alleged preference in order for the Bankruptcy Court to have summary jurisdiction.

Thus, under the decision in *Katchen v. Landy, supra.,* it is evident that this Court does have summary jurisdiction over the claim alleged in Count Two of the Amended Complaint. Defendants have filed several proofs of claim herein and Count Two is an action to recover an alleged preferential payment.

With regard to Count Three, defendants contend that Plaintiff has failed to state a claim and further that, even if one was stated, Plaintiff failed to comply with Federal Rule of Civil Procedure 9 which requires a party to plead with specificity when alleging fraud.

■ The Court finds that Count Three does state a claim against defendants. As this Court reads the same, Plaintiff is alleging negligence and fraud on the part of defendant, Donald Heltzel, in his acts as chief operating officer of the debtor-in-possession, Metro.

28 U.S.C. Section 959(a) states that:

Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property . . .

Count Three of the Amended Complaint alleges liability against defendant, Donald Heltzel, "with respect to any of [his] acts or transactions in carrying on business connected" with the operation of Metro, as debtor-in-possession. As such, a cause of action is stated in Count Three.

■ Defendants' motion to dismiss is also based on the grounds that Plaintiff has failed to plead fraud with specificity. The Court concurs with defendants in this contention.

Federal Rule of Civil Procedure 9(b) (Bankruptcy Rule 709) states that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Both parties have agreed herein that Count Three states a cause of action in fraud.

With regard to the requirements of this rule, it has been stated that:

The allegations of fraud cannot be presumed and, if made, cannot be conclusory in form even under our modern notice pleadings. Mere conclusory allegations to the effect that defendant's conduct was fraudulent .... are insufficient. *O'Connor v. GCA Corp.*, 332 F.Supp. 1246 (S.D. N.Y.1971).

It has been stated further that although this Rule does not require that there be a detailed pleading of evidentiary matter, it does require that the pleading state with "sufficient specificity" the factual bases for the fraud allegations. *King Automotive, Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008 (Cust.Pat.App.1981). Compliance with this rule requires that a person plead all the elements of a cause of action in fraud in light of the factual situation in question. *Dayco Corp. v. Goodyear Tire and Rubber Co.*, 523 F.2d 389 (6th Cir.1975).

Count Three does not allege the various elements of a fraud action. It speaks in conclusory terms and without laying out the factual bases in support of the elements of a fraud action. As such, Plaintiff's Count 3 is insufficient.

The Court does not find, however, that Count Three should be dismissed at this time. Instead, Plaintiff will be granted ten days from the date of this finding to amend his complaint so as to comply with Federal Rule of Civil Procedure 9(b) (Bankruptcy Rule 709). Failure to amend within that period will result in Count Three being dismissed with no further action needed by defendants.

Therefore, it is the conclusion of this Court that defendants' motion to dismiss the amended complaint in its entirety is denied as is defendants' motion to dismiss Counts One and Two. It is the further conclusion of this Court that defendants' motion with regard to Count Three is meritorious but that Plaintiff should be granted ten days from the date of this Finding to amend Count Three. Failure to do so will result in Count Three being dismissed by this Court.