**In re Ron Ariel BERGER, Debtor.**

**CANON USA, INC., Plaintiff,**

v.

**Ron BERGER, Defendant.**

**Bankruptcy No. 380–00516.**
**Adversary No. 80–0163.**

United States Bankruptcy Court,
D. Oregon.

Aug. 19, 1982.

James N. Gardner, Portland, Or., for debtor.

Don S. Willner, Portland, Or., for plaintiff.

## MEMORANDUM OPINION

### RE: PLAINTIFF'S THIRD CLAIM

HENRY L. HESS, Jr., Bankruptcy Judge.

On August 1, 1980 the plaintiff filed herein an instrument entitled "Complaint to Determine Dischargeability of Debt and For Judgment." This complaint was filed within the time previously fixed by the court of August 6, 1980, for the filing of complaints objecting to discharge and for complaints to determine dischargeability of debts under 11 U.S.C. § 523(c). On January 12, 1981 a discharge of the debtor was entered. On February 4, 1981 the attorney for the plaintiff addressed a letter to the court requesting a letter from the court or appropriate amendment to the various orders in the case, stating that the adversary proceeding commenced by the complaint above mentioned was still an open file and that the plaintiff's claim set forth in the complaint had not been affected by the pending order (apparently referring to the discharge which had been granted the debtor-defendant). On February 9, 1981 the court addressed a letter to the attorney for the plaintiff informing him that " * * * by its terms the discharge does not apply to an order of this court holding a debt to be non-dischargeable, whether entered before or after entry of the discharge."

On January 19, 1982, the plaintiff and the defendant signed a pre-trial order. In the introduction portion under the heading "Nature of Action" it is stated that the plaintiff alleges that the defendant owes the plaintiff $919,471.61 based upon the defendant's personal guaranty of the obligation of Photo Factory, Inc. to the plaintiff and upon the plaintiff's tort claim in fraud against the defendant. It further states that "Canon further alleges *that this debt is nondischargeable* under 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 727(a)(2) & (7)

because: * * *." (Emphasis supplied). The next paragraph states that "For these reasons, Canon seeks a determination that Berger is not entitled to discharge *of his debts to Canon,* and a judgment in the amount of $919,471.61 * * *." (Emphasis supplied). In paragraph S, T, U and V of the plaintiff's contentions it is alleged that with intent to hinder, delay, and defraud creditors, the defendant transferred, removed and concealed property of Photo Factory. In paragraph (7) under the heading "Issues of Fact" the question is asked whether the defendant did remove, transfer or conceal property belonging to Photo Factory with such intent. At no place in the Pretrial Order does it appear that Canon was seeking an order denying a discharge to the defendant or an order setting aside the discharge previously entered. To the contrary it appears that it was the plaintiff's theory in citing 11 U.S.C. § 727(a)(2) and in alleging fraudulent transfers that it considered that the grounds set forth in § 727 could be used to obtain the relief of a judgment of nondischargeability provided for in § 523.

Thereafter the defendant filed a motion to dismiss the "third claim of exception to discharge" contained in the complaint. After hearing argument the court denied the motion to dismiss. The defendant then filed a motion for reconsideration of the order denying the motion to dismiss. This memorandum opinion is in response to the motion to reconsider.

The court, after reconsideration, concludes that its earlier order denying the motion to dismiss the third claim was in error and that an order should be entered dismissing the third claim.

Under 11 U.S.C. § 727 a debtor is entitled to a discharge unless a complaint is filed within the time fixed by the court for the filing of such complaints and it is found by the court that one of the grounds for denial of a discharge set forth in 11 U.S.C. § 727(a) has been established. In this case subsections (d) and (e) relating to revocation of a discharge which has been entered

are irrelevant in that the third claim does not contain allegations fitting the requirements of these subsections.

Turning to the complaint filed by the plaintiff, it is entitled: "Complaint to Determine Dischargeability and For Judgment."

The first paragraph of the complaint states:

"Pursuant to 11 U.S.C. § 523(c), plaintiff Canon USA, Inc. requests that the court determine the dischargeability of the debt owed plaintiff by defendant Ron Berger, and shown on his schedule of debts filed March 19, 1980. Defendant has petitioned for relief under Chapter 7 in case no. 380–00516 in this court."

The second paragraph states:

"For its first claim of exception to discharge, Plaintiff alleges:"

Paragraphs I through X then allege facts which if sustained by evidence would entitle the plaintiff to a finding that the debt owing to the plaintiff was non-dischargeable under § 523(a)(2)(B).

Then follows the statement:

"For its second claim of exception to discharge, plaintiff:"

Paragraph XI through XX then allege facts which if sustained by evidence would entitle the plaintiff to a finding that the debt was non-dischargeable under § 523(a)(2)(A).

Then follows the statement:

"For its third claim of exception to discharge, plaintiff:"

Paragraph XXI realleges paragraphs I through V. Paragraph III alleges that the defendant had executed a guaranty of indebtedness of Photo Factory, a corporation of which the defendant was the president, to the plaintiff and that such indebtedness amounted to $919,471.61 plus interest, attorney fees and costs of collection. Paragraph V alleges that:

"Defendant obtained goods and merchandise and the extension and renewal of credit from plaintiff for Photo Factory by false pretenses, false representations, and actual fraud."

Thus paragraph V alleged grounds for non-dischargeability under § 523(a)(2)(A). The third claim, through incorporation of paragraph V, therefore asserted a claim for relief under this latter section.

Paragraphs XXII and XXIII of the third claim allege:

"XXII. Photo Factory commenced proceedings in bankruptcy under Chapter 11 on July 25, 1979. During the month of July, 1979, defendant directed large amounts of money paid to Photo Factory into the account of Washington Camera, a franchise which had ceased to operate. On July 17, 1979, one week before filing in debtor's proceeding, defendant cashed a check on this account made out to him personally for $30,000.00. On the same day a Photo Factory bookkeeper received from this account the funds from a $10,-000.00 check issued to "cash".

XXIII. In late August or early September, 1979, defendant ordered that a large quantity of merchandise in Photo Factory's warehouse be transferred to franchise stores under his control for the expressed purpose of placing these goods beyond the reach of creditors. In the space of three days, 60–70% of the entire stock of merchandise was transferred out of the Photo Factory warehouse."

The complaint then contains a prayer as follows:

"WHEREFORE, plaintiff ask the court to:

1) Determine that the debt owed to it by the defendant debtor is nondischargeable under under 11 U.S.C. § 523;

2) Determine the remaining issues and render judgment for plaintiff for the amount of its debt, plus interest at the legal rate from the date the debt became due and attorney's fees: [sic]

3) Grant plaintiff such other and further relief as is just."

The plaintiff now contends that the third claim of the complaint sought not a finding that the debt was non-dischargeable and that judgment should be granted in the

plaintiff's favor, but rather, that it sought an order denying a discharge to the debtor. The plaintiff contends that the third claim asserts grounds for denial of a discharge under § 727(a)(2) and (7). As related to this case these sections require proof that the debtor, "with intent to hinder, delay, or defraud a creditor * * * has transferred, removed * * * or concealed" property of the debtor (Photo Factory) or property of the estate of Photo Factory. While it might be contended that the allegation that the alleged transfers were "for the express purpose of placing these goods beyond the reach of creditors" is the equivalent of an allegation that the alleged transfers were "with the intent to hinder, delay, or defraud a creditor" this allegation is the only clue that the pleader might be attempting to assert a ground for denial of a discharge. On the other hand the title of the pleading, the introductory paragraph preceding the three separate claims which refers only to § 523, each of the introductory paragraphs of the three separate claims, the incorporation into the third claim of paragraph V of the first claim, the reference to § 523 in the prayer, and the lack of a request for an order denying a discharge, all indicate that the pleader was relying solely upon § 523, was seeking only an order holding the plaintiff's debt to be nondischargeable or excepted from a discharge and for a judgment against the debtor. All of these matters indicating the pleader was relying solely upon § 523 far outweigh the plaintiff's contention that the third claim was intended to assert grounds for relief under § 727. The first notice of any kind received by the court and the defendant that the plaintiff would be relying upon § 727 was the citation of this section in the pretrial order which was entered more than twelve months after the discharge had been entered. Up to that time and even subsequent thereto the plaintiff made no request that the discharge be set aside on the ground that it had been entered at a time when a complaint objecting to entry of a discharge was pending before the court. In view of the letter from plaintiff of February 4, 1981 and the court's reply of February 9, 1981 it appears to the court that the pleader was not then aware of the distinction between § 523 and § 727 and the distinction between a complaint objecting to discharge and a complaint seeking a judgment of non-dischargeability. Federal Civil Rule 9(b) adopted by Bankruptcy Rule 709 requires that the circumstances constituting an alleged fraud be stated with particularity. If the allegations of a complaint are vague or general, or merely alleged acts which do not effect the right to discharge, the complaint will be susceptible to a motion to dismiss pursuant to Federal Civil Rule 12(b) adopted by Bankruptcy Rule 712(b). The function of the complaint is to give fair notice of the grounds of the objection to the discharge so as to enable the debtor to answer and prepare for trial. The third claim of the complaint in this case did not give fair notice to the defendant that the plaintiff was seeking a denial of the debtor's discharge rather than a judgment of non-dischargeability. To have permitted amendment of the third claim at the time of the pretrial order, some twelve months after the time for filing of complaints objecting to discharge had expired would be the equivalent of extending the time for filing of such complaints by that period of time. The power of the court to extend time for filing of complaints objecting to discharge should not be lightly exercised, especially when the result of an extension would run counter to the goals of expeditious administration of the estate and the speedy determination of the status of the debtor's obligations as dischargeable or non-dischargeable. *In re Young,* 1 B.R. 387 (Bkrtcy.M.D.Tenn.1978). After bankruptcy, life must go on. The viability and rapidity of the discharge process is the essence of the fresh start doctrine. Yet how can the debtor make plans, arrange financing, or attempt to reestablish an economic future until he knows whether his debts— particularly the large ones—are to be discharged or not? A related consideration which should weigh in the decision is that the plaintiff had knowledge that a discharge had been entered and waited some twelve months before calling to the atten-

tion of the court and the debtor that his third claim, which had all the earmarks of a claim under § 523, and labelled as such, was intended as an objection to discharge under § 727. The plaintiff has offered no reasonable excuse for its failure upon entry of the discharge or within a reasonable time thereafter to seek an order vacating the discharge in order that what it now contends was an objection to discharge could be tried. Failure of an attorney to understand the clear statutory distinction between a complaint objecting to discharge and a complaint for a judgment of non-dischargeability does not constitute excusable neglect. If it did there would be chaos in the administration of bankruptcy cases. The court has to assume that attorneys who practice before it know what is contained in their pleadings and what they are requesting the court to do. The adverse party has the right to make the same assumption.

For the above reasons the defendant's motion to dismiss the third claim of the plaintiff's complaint must be granted.

There is yet another ground upon which the motion to dismiss must be granted. ▮ It appears that the plaintiff does not have standing to object to the discharge of the defendant as the evidence establishes that the plaintiff is not a creditor of the defendant. The court by a separate opinion found against the plaintiff on its first and second claims of non-dischargeability. The third claim asserts that the defendant is liable for the debt owing by Photo Factory to the plaintiff by reason of a guaranty given to the plaintiff by the defendant.

▮ At the trial of the first and second claims the evidence showed that the defendant had entered into a written guaranty which provided that "This Guaranty shall continue at all times and shall remain in full force and effect until five days after receipt by Canon USA of written notice of revocation by registered mail." On March 3, 1981, the defendant addressed a letter to Gloria Poindexter, a regional representative of the plaintiff, cancelling the guarantee. Poindexter testified that upon receipt of the letter she telephoned the defendant and informed him that without a guaranty the plaintiff would not furnish further credit to Photo Factory. She testified that the defendant then instructed her to scratch out that part of the letter cancelling the guarantee. The defendant testified that he did not so instruct Poindexter. The court finds it unnecessary to resolve this factual dispute. Five days after receipt of the letter of cancellation the guaranty expired. Once having expired there could be no guaranty for credit extended thereafter except by another writing signed by the defendant in compliance with the statute of frauds or by partial performance by the plaintiff or estoppel which would take the agreement out of the operation of the statute of frauds. There was no later written instrument signed by the defendant reviving the earlier guaranty. The plaintiff argues that continuing to extend credit to Photo Factory upon reliance of the alleged instructions from the defendant to strike that part of his letter revoking the guaranty constituted such partial performance or invoked an estoppel. To constitute partial performance, the conduct must be exclusively referable to the alleged agreement. The fact that Canon continued to supply credit is not indicative of the existence of a guaranty. A supplier may, and suppliers frequently do, furnish goods to a corporation without a guaranty from an officer of the corporation. The fact that a supplier does so does not raise an inference of the existence of such a guaranty. Part performance must be of such nature that it ordinarily would not have taken place in the absence of a contract and therefore is not reasonably explicable on some other ground. Estoppel, as an exception to the statute of frauds, rests on the principle that where one has acted to his detriment *solely* in reliance upon an oral agreement, an estoppel may be raised to defeat the defense of this statute of frauds. The evidence in this case shows that the plaintiff did not rely solely upon the alleged oral guaranty in extending credit to Photo Factory.

The plaintiff asserts that the defendant orally guaranteed the debt of Photo Facto-

ry by orally rescinding the cancellation letter of March 31, 1979. The plaintiff argues that whereas an oral promise to answer for the debt of another is within the statute of frauds, a direct promise to pay the debt of another is not within the statute of frauds. The distinction between the two types of promises is whether the leading object of the promisor is to become a guarantor or surety or whether the leading object of the promisor is to serve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another. *Craswell v. Biggs,* 160 Or. 547, 86 P.2d 71 (1939). The evidence in this case shows that the plaintiff treated Photo Factory as the debtor and the defendant as a guarantor. Credit was extended at times when no guaranty was in effect. The course of conduct shows that the plaintiff always looked to Photo Factory for payment of its invoices and that they were always paid by Photo Factory. That the defendant was a shareholder and an officer of Photo Factory does not make the alleged guaranty a direct promise. The general rule is summarized in annotation, "Statute of Frauds: Promise by Stockholder, Officer, or Director to Pay Debt of Corporation," 35 A.L.R.2d 906, 910–11:

> "As applied to promises by stockholders, officers, or directors, to pay a debt of the corporation, it may be said that the promise is original where the promisor's primary object was to secure some direct and personal benefit from the performance by the promisee of his contract with the corporation, or from the latter's refraining from exercising against the corporation some right existing in him by virtue of the contract. *The benefit to the promisor is to be distinguished from the indirect benefit which would accrue to him merely by virtue of his position as a stockholder, officer, or director.*
> (Emphasis added.)"

Since the alleged oral guaranty is barred by the statute of frauds and the court has found there is no liability of the defendant upon the first and second claims of the plaintiff, the plaintiff is not a creditor of the defendant. The plaintiff would gain no benefit from denial of a discharge and therefore has no standing to object to the defendant's discharge. For this additional reason the defendant's motion to dismiss the plaintiff's third claim must be granted.