**In re The LIONEL CORPORATION, Lionel Leisure, Inc., Consolidated Toy Company, Debtor.**

**The LIONEL CORPORATION, Plaintiff,**

v.

**WETTERAU INCORPORATED, Defendant.**

**Bankruptcy No. 82B 10318–10320.**
**Ad. No. 83–6048A.**

United States Bankruptcy Court, Southern District of New York.

Aug. 28, 1984.

Wachtell, Lipton, Rosen & Katz, New York City, for defendant.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiff.

EDWARD J. RYAN, Bankruptcy Judge.

On February 9, 1982, Lionel and its subsidiaries, Lionel Leisure, Inc. and Consolidated Toy Company (Lionel), filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 1107 and 1108.

On December 5, 1980, Lionel had acquired 100% of the outstanding stock of the Consolidated Toy Company from Wetterau, Inc. (Wetterau).

Under the acquisition agreement, Wetterau provided Lionel with unaudited financial statements of Consolidated. Wetterau is said to have represented these financial statements to be an accurate accounting of Consolidated's merchandise inventories, receivables and liabilities.

On August 19, 1983 Wetterau submitted a proof of claim for damages and administrative expenses due under the acquisition agreement.

Lionel objected to Wetterau's proof of claim and asserted a counterclaim for $15,-000,000 on October 27, 1983. In its counterclaim, Lionel set forth four claims against Wetterau regarding the represented financial condition of Consolidated as of November 1, 1980: breach of representations and warranties; breach of an indemnification agreement; common law fraud and securities law fraud.

Lionel alleges that Wetterau misrepresented Consolidated's financial condition re-

garding its inventory, liabilities, accounts receivable, and pre-tax earnings. Lionel contends that Wetterau expressly warranted that the balance sheet as of November 1, 1980 fairly presented the financial condition of Consolidated.

Lionel also claims that Wetterau made further assurances concerning the accuracy of Consolidated's merchandise inventories, receivables and liabilities, and that it acted in reliance upon these representations.

Wetterau moves to dismiss Lionel's third and fourth claims on the grounds that it fails to meet the requisite particularity of Rule 9(b) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.), and that Lionel's allegations are merely conclusory statements. In addition, Wetterau argues that Lionel has failed to plead fraud because it has not demonstrated "deception." Wetterau contends that Lionel needs to produce the facts from which it could be concluded that such representations are false.

 A fraud pleading will be deemed sufficient if under the circumstances a party is given "fair notice" of the claim asserted against it. *Credit Finance Corp. v. Warner & Swassey Co.*, 638 F.2d 563 at 567 (2d Cir.1981). Rule 9(b) does not require the pleading of detailed evidentiary matter. 2A Moore's Federal Practice, ¶ 9.03 at 9–29, 30, *quoted in Ross v. A.H. Robins Co.*, 607 F.2d 545 at 557 n. 20.

Rule 9(b) requires that:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

 Rule 9(b) assures a party accused of fraud, fair and sufficient notice of the alleged misconduct. *Ross v. A.H. Robins Co.*, 607 F.2d 545, 577 (2d Cir.1979), *cert. denied* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). Rule 9(b) also seeks to protect defendants from the harm to their reputations that may result from the mere allegation of fraud. *Ross* at 557.

The court finds that Lionel's counterclaims satisfy Rule 9(b). Claims III and IV provide enough factual detail to permit Wetterau to respond and to prepare a defense. Specifically, Lionel identifies the representations alleged to be false, the amount of each discrepancy, as well as the materiality of such discrepancies.

Accordingly, the motion to dismiss the third and fourth claims is denied.

It is so ordered.