In re the Matter of David H. HERZOG
d/b/a David H. Herzog
Construction, Debtor.

Diane L. JENSEN, Trustee in
Bankruptcy, Plaintiff,

v.

David H. HERZOG, d/b/a David H.
Herzog Construction, Defendant.

Bankruptcy No. 81–1347.
Adv. No. 85–133.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 11, 1986.

Gregory E. White, Fort Myers, Fla., for plaintiff.

Alfred E. Johnson, Fort Lauderdale, Fla., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALEXANDER L. PASKAY, Chief Judge.

On July 31, 1981, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, which was subsequently converted to a Chapter 7 proceeding pursuant to this Court's Order of June 15, 1982, at which time Plaintiff was appointed Trustee in Bankruptcy. In Schedule B-2 of Debtor's Petition, Debtor listed among his assets a coin collection, diamonds and silverware at a cost value of $150,000.00.

In the Bankruptcy Petition the Debtor failed to make any specific reference to a gold pocket watch collection, an ivory collection or a gun collection, either in the Schedule B-2 or in the transfers made pre-petition during the year before filing. However, the deposition transcript of the Debtor (together with exhibits attached thereto) taken on May 12, 1981 in a state court action for dissolution of the Debtor's marriage refers to his ownership, *inter alia*, of a 50 to 60 item gun collection (Plaintiffs Exhibit 6, Pg. 31), an ivory collection worth approximately seven to ten thousand dollars (Plaintiff's Exhibit 6, Pgs. 32 and 33), and a gold pocket watch collection numbering 40 to 50 items (Plaintiff's Exhibit 6, Pg. 33). That deposition transcript also includes as exhibits copies of a financial statement executed by the Debtor on August 21, 1980 which reflects his ownership at that time of gold and silver coins and diamonds valued at $250,000.00 and sterling silverware valued at $187,000.00.

The Report of Receipts and Disbursements filed by the Debtor (Plaintiff's Exhibit 3) covering the period of time from the filing of the Chapter 11 Petition to the conversion to a Chapter 7 proceeding referenced no sales, conveyances or liquidations of any of the aforesaid items of tangible personal property.

Although the Trustee inquired of the Debtor's counsel on the apparent disparity between the value of the assets listed on the Debtor's Statement of Affairs and the value of the tangible personal property actually recovered by the Trustee following conversion, the Debtor, through his counsel, replied that the figures included in the original Petition were approximate and that the Debtor had no real definite idea of the value of the coins and silver (Plaintiff's Exhibit 5). Further, the Trustee was unable to find any of the Debtor's gold pocket watch collection, diamonds or ivory collection. The Trustee was, however, able to locate a portion of the gun collection which the Debtor had apparently "stored" with his brother-in-law for safekeeping and periodic disposition. Although the Debtor contended that all of the guns comprising his collection were "given" to his minor son as a gift, the Debtor admitted periodically contacting his brother-in-law during the pend-

ency of the bankruptcy proceeding instructing the brother-in-law to sell one or more of the guns in the collection and the Debtor admitted receiving the proceeds from that sale. The Debtor further testified that said sale proceedings totalling $3,135.00 (Plaintiff's Exhibit 9) were delivered to him and were used by him in part to pay the living expenses of his estranged wife and himself.

In attempting to explain the missing gold pocket watch collection, diamonds and ivory collection, the Debtor testified that he left said items in one or two safes in the marital residence while he relocated to other quarters during the pendency of a sometimes bitter marital dissolution proceeding. These explanations or attempted explanations by the Debtor were entirely incredible, especially in light of the Debtor's ex-wife's testimony that when she returned to the marital residence after Debtor's two-week occupation of the house by himself, the safes were empty. The Debtor further testified that, although he had some 42 years experience as a coin collector and investor, his valuation of the coins and silver on his Petition was a gross approximation and that the aforesaid personalty may only have been worth $12,000 to $15,-000.00, which the Trustee received upon the sale of same. This testimony, too, was entirely unbelievable.

The Trustee herein seeks to deny Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2) and § 727(a)(5). Under 11 U.S.C. 727(a)(2), Debtor's discharge may be denied where:

"the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of a property under this title [11 USCS §§ 1 et seq.], has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of filing of the petition; ..."

At the trial on a complaint objecting to a discharge of a debtor, the plaintiff has the burden of proving his objection pursuant to Bankruptcy Rule 4005. However, once the plaintiff meets the initial burden by producing evidence establishing the basis for denial of the discharge, the burden shifts to the debtor. [*In Re Chalik*, 748 F.2d 616, 619 (11 Cir.1984)] In this case Plaintiff has met her prima facie burden of proof under 11 U.S.C. § 727(a)(2) by showing that a gun collection (which the debtor acknowledged under oath was his property as of May 12, 1981) had been concealed continuously from the Trustee and periodically liquidated from the time of conversion of this matter to a Chapter 7 proceeding until discovery of the subject guns in early 1985. The Trustee further proved that some $3,135.00 in proceeds received through the sale of said guns during the subject period were delivered to the Debtor who acknowledged using at least a portion of those proceeds to meet living expenses.

Once the plaintiff established her prima facie case under this section, the burden of proof shifted to the debtor to deny either concealment or intent to defraud. The Debtor's wholly unsatisfactory explanations that the gun collection had previously been given by him to his son on some indeterminate date for no consideration failed to meet his burden of proof and defense. As a consequence, the Trustee is entitled to the relief sought and the Debtor's discharge shall be denied pursuant to 11 U.S.C. § 727(a)(2).

The Trustee also sought denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5), which allows such denial where "the debtor has failed to explain satisfactorily before determination of denial of discharge under this paragraph any loss of assets or deficiency of assets to meet the debtor's liabilities".

Here again, the Trustee established by competent evidence that just two months prior to filing his Chapter 11 Petition, Debtor admitted under oath and under questioning by an adverse party his owner-

ship interest in significant items of tangible personal property. Some of these items were not referenced at all in Debtor's Petition, while others, including the coin and silver collection, were listed as having a cost of approximately $150,000.00. The Debtor's own Report of Receipts and Disbursements filed upon conversion of this proceeding failed to explain any loss, sale, liquidation or other disposition of the subject personalty and the Debtor failed to produce any written documentation which would explain the dissipation of those assets.

As the Court in *Chalik, supra,* noted (citing *In Re Reed,* 700 F.2d 986 (5th Cir. 1983): "The creditor's burden of persuasion does not obviate the necessity that the debtor provide a satisfactory explanation of the loss of his assets."

The *Chalik* court went on to note that "to be satisfactory, 'an explanation' must convince the judge. (Citations omitted). Vague and indefinite explanations of losses that are based upon estimates uncorroborated by documentation are unsatisfactory." 748 F.2d 616, 619 (11th Cir.1984).

The only testimony offered by way of explanation by the Debtor at the trial herein was in no way satisfactory or credible. The Plaintiff herein is, therefore, entitled to entry of a final judgment denying Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2) and (a)(5).

A separate final judgment will be entered in accordance with the foregoing.