In the Matter of Arnold I. SCHWARTZMAN, Debtor.

The HUNTINGTON NATIONAL BANK, Plaintiff,

v.

Arnold I. SCHWARTZMAN and Paul D. Gilbert, Chapter 7 Trustee, Defendants.

Bankruptcy No. 3–84–02062.

Adv. Nos. 3–85–0200, 3–86–0037.

United States Bankruptcy Court, S.D. Ohio, W.D.

July 17, 1986.

John E. Breidenbach and Daryl R. Douple, Breidenbach, Johnson & Douple, Dayton, Ohio, for plaintiff.

Ira Rubin, Goldman, Rubin & Shapiro, Dayton, Ohio, for defendant/debtor.

Paul D. Gilbert, Dayton, Ohio, Trustee.

## DECISION DENYING IN PART AND GRANTING IN PART DEFENDANT, ARNOLD I. SCHWARTZMAN'S, MOTION TO DISMISS AND GRANTING TIME TO FILE AN AMENDED COMPLAINT

THOMAS F. WALDRON, Bankruptcy Judge.

These two cases arise under 28 U.S.C. § 1334(a) and having been referred to this court are determined to be core proceedings under 28 U.S.C. § 157(b)(2)(I) and (J), in which the plaintiff, The Huntington National Bank (hereinafter Huntington Bank), requests an order of the court excepting from the discharge of defendant-debtor, Arnold I. Schwartzman (hereinafter Schwartzman), pursuant to 11 U.S.C. § 523 (1982), a debt based on three (3) promissory notes totaling $143,500, and denying a discharge to the defendant-debtor pursuant to 11 U.S.C. § 727 (1982).

### I.  PROCEDURAL BACKGROUND

On September 21, 1984, defendant, Schwartzman, filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Code.  On December 18, 1984, based on the plaintiff, Huntington Bank's motion, the court extended the time from December 9, 1984 to April 1, 1985, for Huntington Bank to file actions to determine exceptions to discharge and to deny the debtor's discharge.  Based on a subsequent motion, the court on April 11, 1985, extended the time period for such filings to June 3, 1985.  Thereafter, in accordance with an agreed order signed by the attorneys for the plaintiff and the defendant (as well as attorneys for two other creditors), the court entered an order on June 5, 1985, extending the time period for such filings to September 1, 1985.

On August 30, 1985, Huntington Bank filed a complaint against Schwartzman alleging two counts corresponding to § 523(a)(2)(B) and § 727(a)(3).  This proceeding was assigned Adversary No. 3–85–0200.  The defendant filed a motion to dismiss this complaint.  No memorandum contra the motion to dismiss was filed by Huntington Bank.

On November 7, 1985, the court entered a voluntary order submitted by the debtor converting the case from a case under Chapter 11 to a case under Chapter 7.  The order provided:

> All adversary proceedings brought against the Debtor during the pendency of this case as a case under Chapter 11 shall retain their status as adversary proceedings in this case as converted to a case under Chapter 7 with the parties thereto retaining all of their respective rights, causes of action, claims and defenses in the same manner as if this case had originally been filed as a case under Chapter 7.

On December 4, 1985, an order was issued setting the last date for filing an objection to discharge or dischargeability of a specific debt as February 28, 1986.

In addition to the complaint filed by Huntington Bank on August 30, 1986, against Schwartzman, on February 28, 1986, Huntington Bank filed a second complaint against Schwartzman alleging four counts—repeating the two previous counts corresponding to § 523(a)(2)(B) and § 727(a)(3) and adding counts corresponding to § 523(a)(2)(A) and § 727(a)(2), (5).  This proceeding was assigned Adversary No. 3–86–0037.  This complaint also added the Chapter 7 Trustee as a party.  Schwartzman again filed a motion to dismiss the complaint.  No memorandum contra this motion to dismiss was filed by Huntington Bank.

### II.  THRESHOLD ISSUES

Preliminary to dealing with the essence of the defendant's motion to dismiss which

is that the plaintiff has not stated a cause of action under Fed.R.Civ.P. 12(b)(6) (Bankr.R. 7012(b)), because it did not plead fraud with particularity as is required by Fed.R.Civ.P. 9(b) (Bankr.R. 7009), the court must address two threshold arguments raised by the defendant as additional grounds requiring the dismissal of the plaintiff's complaint: (1) The second adversary proceeding alleges causes of action not set forth in the first adversary and should be dismissed because the conversion of this case from one under Chapter 11 to one under Chapter 7 did not commence the running of a new time period for objecting to discharge and the dischargeability of a specific debt; and (2) The second adversary should be dismissed because it repeats causes of action in a complaint pending before the court and such multiplicity of suits should not be allowed.

The defendant in his motion to dismiss argues that the plaintiff's entire second complaint (Adversary No. 3–86–0037) should be dismissed because the proceeding was not timely filed since the time limit for filing any objections under §§ 523 and 727 ended on September 1, 1985, the date fixed by the agreed entry in the Chapter 11 case, and the conversion of the case from a Chapter 11 to a Chapter 7 does not commence a new time period for such objections. Although mindful of the decision in *F & M Marquette National Bank v. Richards*, 780 F.2d 24 (8th Cir.1985) (hereinafter *Richards*) which held to the contrary, the defendant argues that a rationale for the Eight Circuit's ruling—that parties are less likely to file a dischargeability complaint in a Chapter 11 because of the anticipated reorganization and so should not be denied the opportunity of objecting after the original deadline when a case is converted to a Chapter 7—*Id.* at 26, is not applicable here. In this case, the defendant points out, the plaintiff had already filed a complaint prior to the conversion.

■ Even assuming that that particular rationale of the *Richard's* court is not applicable to this particular creditor, procedural rules exist as a guideline for all par-

ties, and whether an individual party specifically benefits is not dispositive of the issue here. As noted by the court in *In re Blatz*, 58 B.R. 112, 113–14 (Bankr.E.D.Wis. 1986), other grounds support the conclusion reached in *Richards;* the holding is supported, for example by Bankr.R. 1019(3) which limits extensions for time to object on reconversion, but not on original conversion. The effect of a conversion is the establishment of a new case with rights, duties and opportunities that did not previously exist. The conversion requires a separate meeting of creditors under 11 U.S.C. § 341(a) and a separate opportunity for creditors to object and assert §§ 523 and 727 grounds. *Richards*, 780 F.2d at 25. Accordingly, this court agrees with the Eight Circuit that the conversion of a case from one under Chapter 11 to one under Chapter 7 commences a new time period for filing discharge and dischargeability complaints, *Id.; General Electric Credit Corporation v. Watts*, 59 B.R. 779 (Bankr. N.D.Ala.1986); *In re Blatz*, 58 B.R. 112, and hereby overrules the defendant's objection to the filing of Adversary No. 3–86–0037 on the ground that it was not timely filed. The court holds that both adversaries were timely filed.

■ Addressing the remaining threshold issue, the court notes that the second adversary, Adversary No. 3–86–0037, contains two counts which are identical to those alleged in the first adversary, Adversary No. 3–85–0200. It also added two counts that arose out of the same transaction between the parties. Rather than file a second adversary, the plaintiff, to avoid precisely the objection raised by the defendant, could more properly have simply amended its original complaint.

Granting leave to amend is in keeping with the general policy of the Federal Rules of Civil Procedure that controversies should be decided on their merits and not on procedural technicalities. *See, Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962). "Whenever the claim ... asserted in the amended pleading arose out of

the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." F.R.C.P. 15(c).

*163rd Street & Jamaica Avenue Management Co., Ltd., v. Hussain (In re Hussain)*, 54 B.R. 755, 758 (Bankr.E.D.N.Y. 1985). *See also Comprehensive Accounting Corp. v. Morgan (In re Morgan)*, 41 B.R. 259, 10 C.B.C.2d 1250 (Bankr.D.Tenn. 1984) (allowing a creditor who timely filed an objection to the debtor's discharge under §§ 727(a)(2), (3) and (5) to amend the complaint after expiration of the deadline to add additional grounds under § 727(a)(4), where those grounds arose out of the same conduct, transaction or occurrence as the original complaint).

Although the court has a second separately filed complaint and not an amended complaint before it, the court finds the reasoning applied in those situations analogous. Accordingly, the court overrules the defendant's objection to the court's allowance of this second complaint (Adversary No. 3–86–0037) as a multiplicity of pending suits, and determines that since it encompasses the same parties and the same causes of action set forth in the original complaint (Adversary No. 3–85–0200) judicial economy is best served if the rest of the court's analysis is based on this second complaint as set forth in Adversary No. 3–86–0037. Further, to simplify pending and proposed pleadings the court has issued a pretrial order which, *inter alia,* consolidates for all pretrial purposes the within adversary proceedings involving the debtor and Huntington Bank (Adversary Nos. 3–85–0200 and 3–86–0037) and the remaining three adversary proceedings involving the debtor [*First National Bank v. Schwartzman* (Adversary Nos. 3–85–0065 and 3–86–0027) and *Bank One, Dayton, NA v. Schwartzman* (Adversary No. 3–85–0201)]. Fed.R.Civ.P. 42(a) (Bankr.R.7042).

Having overruled the defendant's arguments concerning these threshold issues as separate grounds requiring dismissal, the court now addresses the plaintiff's four counts set forth in Adversary No. 3–86–0037, and the defendant's argument that they do not meet the pleading standards of Fed.R.Civ.P. 9(b) and 12(b)(6) (Bankr.R. 7009 and 7012(b)).

## III. ARGUMENTS OF THE PARTIES

The plaintiff's complaint alleges four counts. In the first, corresponding to a complaint under § 523(a)(2)(B), the plaintiff alleges that the defendant obtained three loans in principal amounts of $17,500, $120,000, and $6,000, for a total of $143,500. The plaintiff argues that the loans should be excepted from discharge because:

5. In order to induce the Plaintiff to make the loans represented by said Promissory Notes or to extend, renew or refinance said loans, Debtor furnished to Plaintiff his written financial statement or statements respecting his financial condition.

6. Plaintiff reasonably relied upon the accuracy of Debtor's financial statement or statements in making said loans to the Debtor in a total amount of $143,500.00, all unsecured.

7. The financial statement or statements provided to the Plaintiff by the Debtor were materially false, untrue and misleading in that said financial statement or statements misrepresented the assets owned by the Debtor and further misrepresented the debts of the Debtor owing to others at the time of the making of the statement or statements. Debtor specifically misrepresented on his financial statement that he had a substantial inheritance from his father's estate which was in process, but said estate in fact was of minimal if any worth.

8. At the time Debtor published such financial statements, he knew the same to be false and misleading, and he published the statement or statements with the intent to deceive the Plaintiff.

The second count asserts the following, corresponding to a complaint under § 523(a)(2)(A): "Debtor obtained the loans aforesaid or the extension, renewal, or refi-

nancing of said loans from Huntington National Bank by false pretenses, false representations, or actual fraud."

The third count asserts that the debtor should be denied a discharge, corresponding to a complaint under § 727(a)(3), because: "The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including documents, records and papers, from which the Debtor's financial condition or business transactions might be ascertained."

The fourth count asserts that the debtor should be denied a discharge under grounds corresponding to § 727(a)(2), (5):

14. Prior to the filing of Debtor's Petition, Debtor incurred substantial debt with four of the major local banking institutions in Dayton including Central Trust in the approximate amount of $42,-500.00, Bank One in an approximate amount of $148,000.00, First National Bank in the approximate amount of $115,000.00 and Huntington National Bank in the approximate amount of $135,000.00.

15. The Debtor with intent to hinder, delay or defraud his creditors has transferred, removed or concealed or has permitted to be transferred, removed or concealed property of the Debtor within one year before the date of the filing of Debtor's Petition or since the filing of Debtor's Petition.

16. The Debtor has failed to explain satisfactorily how the substantial monies borrowed from financial institutions and others were used and Debtor has failed to explain satisfactorily the loss of assets or deficiency of assets to meet Debtor's liabilities.

The plaintiff seeks to have the above debts declared nondischargeable, to have the defendant's discharge denied, and requests the court to enter a judgment for the amount of its debt, $135,133.38, plus interest and attorney's fees.

In response, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b) (Bankr.R. 7012(b) and 7009, respectively) on the ground that the plaintiff's complaint fails to state a claim upon which relief can be granted, because it does not plead with particularity the circumstances constituting the basis of the plaintiff's allegations as required under Fed.R.Civ.P. 9 for the pleading of special matters. The defendant argues that the plaintiff has set forth no facts supporting its claim that the defendant's financial statements were false, or that the defendant's debt to the plaintiff was based on false pretenses, false representation or actual fraud or what the specific acts were that the defendant committed sufficient to deny a discharge, relying instead only on conclusions and using the complaint device as an attempt to discover facts to support those conclusions. The defendant urges the court to declare the complaint defective, and to dismiss it.

## IV. REMAINING ISSUES PRESENTED

The issues before the court are: (1) What constitutes sufficient particularity for the pleading of causes of action alleging fraud under Fed.R.Civ.P. 9(b) (Bankr.R. 7009); and (2) Did the plaintiff fail to meet those standards or other pleading requirements in its complaint so that a motion to dismiss for failure to state a cause of action under Fed.R.Civ.P. 12(b)(6) (Bankr.R. 7012(b)) is appropriate?

## V. OPINION OF THE COURT

### A. Pleading Special Matters

Fed.R.Civ.P. 12(b)(6) (Bankr.R. 7012(b)) provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted." The burden of proof is on the movant. 2A J. Moore & J. Lucas, *Moore's Federal Practice* 12.07 [2.–5] at 12–63 (2d ed.1985).

Consistent with the concept of notice pleading, Fed.R.Civ.P. 8(a)(2) (Bankr.R. 7008) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The general rule is "that a complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Westlake v. Lucas*, 537 F.2d 857, 858–59 (6th Cir.1976); *Davis H. Elliot Co. Inc. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir.1975); *Omaha National Bank v. T & T Parts Warehouse, Inc. (In re T & T Parts Warehouse, Inc.)*, 39 B.R. 399 (Bankr.W.D.Mi.1984). The rationale behind the general rule derives from the finality of sustaining such a motion. Because dismissal of an action constitutes a judgment on the merits and is accorded preclusive effect, the courts generally disfavor granting a motion to dismiss. J. Moore, *supra*.

Where, however, fraud is alleged, the concept of notice pleading is refined by a requirement of specificity. Fed.R.Civ.P. 9(b) (Bankr.R. 7009) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." "To satisfy FRCP 9(b), a plaintiff must at a minimum allege the time, place and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corporation*, 749 F.2d 1205, 1216 (6th Cir. 1984). The plaintiff must state with particularity the specific circumstances giving rise to the complaint. *Dayco Corporation v. Goodyear Tire & Rubber Company*, 523 F.2d 389, 394 (6th Cir.1975).

■ Where the complaint involves an exception to or a denial of a discharge based on the fraudulent conduct of the debtor, the courts have liberally applied and interpreted pleading rules, particularly in situations where a trustee, a third party, "is pleading fraud on secondhand information." *Hassett v. Zimmerman (In re O.P.M. Leasing Services, Inc.)*, 32 B.R. 199, 202 (Bankr.S.D.N.Y.1983). Even in those situations, however, the requirement of specificity in pleading "the acts constituting fraud" is demanded. *Id.* *See also Wolfson v. Sriberg (In re Sriberg)*, 49 B.R. 80, 81 (Bankr.D.Mass.1984); *Weick v. Heltzel (In re Metro Equipment & Rental Corp.)*, 28 B.R. 579, 582 (Bankr.N.D.Ohio 1983).

In reconciling the competing standards of notice pleading permitted under Rule 8 and the specificity required under Rule 9 for pleading special matters, the above three bankruptcy courts, even in deciding cases involving a third party trustee plaintiff, still have insisted on more than broad assertions, mere conclusions, and repetition of statute. They have insisted that the complaint state with particularity the underlying facts and the wrong alleged so that the broad policy of the federal rules to fairly apprise parties of the complaint against them in sufficient detail to allow them to adequately answer and prepare their defense is ensured.

■ In cases where the plaintiff is not a third party trustee, but an actual participant in the transaction and theoretically has direct knowledge of the factual underpinnings of any claimed fraud, bankruptcy courts have consistently required compliance with these standards. It is necessary "to set forth the basic outline of fraud and to indicate who made the misrepresentations and the time and place the misrepresentations were made." *Purcell v. Janikowski (In re Janikowski)*, 60 B.R. 784, 14 B.C.D. 521, 525 (Bankr.N.D.Ill.1986). Bankruptcy courts have demanded that the factual basis supporting the allegation of fraud be stated with particularity, *Bunch v. Kerr (In re Kerr)*, 58 B.R. 171, 173 (Bankr.E.D.Ark.1985), by identifying those representations alleged to be false, *Lionel Corporation v. Wetterau Incorporated (In re Lionel Corporation)*, 41 B.R. 804, 805 (Bankr.S.D.N.Y.1984).

■ This specificity is particularly critical when the fraud or misrepresentation is not demonstrated by tangible evidence such as statements signed by the parties or other documents related to the transaction in question. *Canon USA, Inc. v. Berger (In re Berger)*, 27 B.R. 201 (Bankr.D.Or.

1982). In those situations, the allegations of such a complaint are subject to particular scrutiny to insure that sufficient detail is set forth so that the facts pled may be admitted or denied and all good faith defenses may be set forth in an answer. Such scrutiny for sufficient detail is also required to further the policy concern that a party's reputation be protected from mere unsupported accusations. *Continental Illinois National Bank and Trust Company of Chicago v. Doppelt (In re Doppelt)*, 57 B.R. 124, 126 (Bankr.N.D.Ill. 1986).

█ It must be noted, however, that a balancing factor in completing an analysis of the specificity requirements of Rule 9(b) is the recognition that the essence of fraud and misrepresentation is the absence of truthfulness and the full disclosure required in the particular circumstances. For that reason, "Rule 9(b) does not require the pleading of detailed evidentiary matter." *In re Lionel Corporation*, 41 B.R. at 805. It remains for "[t]he party seeking an exception from discharge in bankruptcy under § 523(a)(2) [who] has the burden of proof on the issue by clear and convincing evidence," *Knoxville Teachers Credit Union v. Parkey*, 3 Bankr.L.Rep. (CCH) ¶ 71,126 at 88,972 (6th Cir.1986); *Martin v. Bank of Germantown (In re Martin)*, 761 F.2d 1163, 1165 (6th Cir.1985), to prove the case at trial, not at the pleading stage.

█ The Federal Rules of Civil Procedure, as modified in the Bankruptcy Rules applicable in adversary proceedings, while individually addressed to specific issues, constitute an integral structure for the resolution of disputed matters. The initial pleadings provide the entrance to this structure and point out the pathway of the discovery process upon which the parties will travel to reach the arena where the disputed issue is to be resolved. These rules require pleadings in which a movant simply, concisely and directly sets forth allegations sufficient to apprise an adverse party and the court of the nature of the claim to which an adverse party responds in short and plain terms admitting or denying the allegations and informing the movant and the court of all good faith defenses. Fed.R.Civ.P. 8 (Bankr.R. 7008). These rules contemplate neither a complicated nor convoluted pleading or discovery process during the progress of the case.

A constant guidepost on the pathway to a final presentation of the matter for decision by the court is provided by Bankr.R. 9011(a) which states in part:

> The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation ... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

This court shall enforce the provisions of this rule by appropriate orders at all stages of a case.

Having set forth the various standards which require resolution in the particular pleadings of a specific case, the court examines the allegations forming the basis of the plaintiff's claim that the debts due it from the defendant should be excepted from discharge under § 523 [1] and that the

---

**1.** 11 U.S.C. § 523(a)(2)(B) (1982) provided, in part, that:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

defendant should be denied a discharge under § 727.[2]

### B. Motion To Dismiss

#### 1. Count One

■ As to the first count under § 523(a)(2)(B) that the defendant's debt to the plaintiff should be excepted from discharge, the court finds that the plaintiff has identified the specific loans at issue and their amounts, and alleged that but for the defendant's written financial statement representing his assets as more than they were in fact and his liabilities as less than they were in fact, the plaintiff would not have lent the defendant $143,500, without taking any security on the loans. The averments identify the representation alleged to be false, *In re Lionel Corporation*, 41 B.R. at 805, and set forth the minimum 1) time, 2) place, 3) content of the statement, 4) identity of the party making the statement and 5) consequences of the misrepresentation on which it bases its allegation under § 523(a)(2)(B). *Bender*, 749 F.2d at 1216; *In re Janikowski*, 60 B.R. 784, 14 B.C.D. at 525; *In re Doppelt*, 57 B.R. at 126–27.

The court finds that the first allegation of the complaint as filed will give the defendant a sufficient basis for response, will adequately protect him from unjustified injury to reputation and will point out an adequate pathway for appropriate discovery. Accordingly, this court overrules the defendant's motion to dismiss with regard to the plaintiff's first allegation.

#### 2. Count Two

■ The plaintiff's second allegation is that the "Debtor obtained the loans aforesaid or the extension, renewal, or refinancing of said loans from Huntington National Bank by false pretenses, false representations, or actual fraud." Although a specific statutory reference was not cited, presumably the plaintiff is alleging a violation of 11 U.S.C. § 523(a)(2)(A). That section specifically excludes from its coverage "a statement respecting the debtor's or an insider's financial condition," since that appears as a separate ground for exception to discharge under § 523(a)(2)(B).

The distinction between 523(a)(2)(A) and 523(a)(2)(B) is that (a)(2)(A) includes any acts or statements including those made orally but *excludes* oral statements respecting the debtor's financial condition. To be actionable under section 523(a)(2), a statement respecting the debtor's financial condition must be in writing and otherwise meet the requirements of (a)(2)(B). If in writing, (a)(2)(B) is sufficiently broad to include any statement made by the debtor and not just formal financial statements and documents used in a commercial or bank setting. *Engler*

---

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—....
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or
(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive;

**2.** 11 U.S.C. § 727 (1982) provided, in part, that:
(a) The court shall grant the debtor a discharge, unless—....
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, within one year before the date of the filing of the petition; or
(B) property of the estate, after the date of the filing of the petition;
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
....
(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

v. *Van Steinburg*, 744 F.2d 1060 (4th Cir.1984); *In re Cook*, 46 B.R. 545 (Bankr.E.D.Va.1985).

*Butler v. Roberts (In re Roberts)*, 54 R.R. 765, 770 (Bankr.D.N.D.1985). *See also Jahanger v. Bedard (In re Bedard)*, 19 B.R. 565, 567 (Bankr.E.D.Pa.1982) (comparing 11 U.S.C. § 523(a)(2) and § 17(a)(2) of the Bankruptcy Act of July 1, 1898 (11 U.S.C. § 35)).

No facts were asserted to substantiate a claim that the plaintiff lent money to the defendant based on "false pretenses, false representations, or actual fraud." While it is clear that the plaintiff claims to have relied on a written financial statement, it is not clear what, if any, other false pretenses, false representations or actual fraud the plaintiff claims the defendant committed. Thus, with respect to this second allegation, as it presently appears in the complaint, it lacks the specificity required by Fed.R.Civ.P. 9(b) (Bankr.R. 7009). Still, in order to comport with the case law providing greater liberality of pleading fraud in a bankruptcy case, *In re O.P.M. Leasing Services, Inc.*, 32 B.R. at 203, and with the policy of Fed.R.Civ.P. 15 (Bankr.R. 7015), of allowing amendment of pleadings to cure deficiencies where justice requires, there is no evidence of bad faith and the opposing party will not be unduly prejudiced, *In re O.P.M. Leasing Services, Inc.* at 204, and treating the motion to dismiss also as a motion for more definite statement, *see Oakes Brothers, Inc. v. Shebel (In re Shebel)*, 54 B.R. 196, 197 (Bankr. D.Vt.1985); 2A J. Moore & J. Lucas, *supra* ¶ 12.18[4] at 12–157–58, this court grants the plaintiff ten (10) days from the date of entry to amend the complaint to state with particularity the specific facts satisfying the requirements of 1) time, 2) place, 3) content of the statement, 4) identity of the party making the statement and 5) consequences of the misrepresentation on which

it bases its allegation of fraud under § 523(a)(2)(A). *Fisher, Hecht & Fisher v. D.H. Overmyer Telecasting Co. (In re D.H. Overmyer Telecasting Co., Inc.)*, 47 B.R. 823, 825 (Bankr.N.D.Ohio 1985); · *In re Metro Equipment & Rental Corp.*, 28 B.R. at 582. Accordingly, the court grants the defendant's motion to dismiss with regard to the plaintiff's second count under § 523(a)(2)(A) unless the plaintiff files an amended complaint within ten (10) days.

### 3. Count Three

With regard to the plaintiff's third count demanding a denial of a discharge pursuant to § 727(a)(3), the court notes that the policy behind the section is the same as that of its substantially similar predecessor statute.[3]

The law is not unqualified in imposing a requirement to keep books or records, and it does not require that if they are kept they shall be kept in any special form of accounts. It is a question in each instance of reasonableness in the particular circumstances. Complete disclosure is in every case a condition precedent to the granting of the discharge, and if such a disclosure is not possible without the keeping of books or records, then the absence of such amounts to that failure to which the act applies.

. . . .

The purpose and intent of section 14b of the Bankruptcy Act is to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs. It was never intended that a bankrupt, after failure, should be excused from his indebtedness without showing an honest effort to reflect his entire business and not a part merely. To be sure, there may be records which are not books; but it is intended that there be available written evidence made and preserved from which the present financial condition of the bankrupt, and his busi-

---

**3.** The Bankruptcy Act of 1898 provided at § 14c(2) that:

The court shall grant the discharge unlesss satisfied that the bankrupt has ... (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or

records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case.

ness transactions for a reasonable period in the past may be ascertained. Records of substantial completeness and accuracy are required so that they may be checked against the mere oral statement or explanations made by the bankrupt.

*In re Underhill,* 82 F.2d 258, 259–60 (2d Cir.1936), *cert denied,* 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402 (1936). *See also Hilliard v. Hollins,* 290 F.2d 263 (6th Cir.1961); *Marx v. Garner (In re Marx),* 125 F.2d 335 (7th Cir.1942); *Chaudhry v. Usoskin (In re Usoskin),* 56 B.R. 805, 815 (Bankr.E.D.N.Y. 1985); 4 *Collier On Bankruptcy* ¶ 727.03 at ¶ 727–33–42 (15th ed. 1986).

The burden of proving a complaint objecting to discharge is on the plaintiff, Bankr.R. 4005; however, it is not necessary at the pleading stage to "plead evidentiary detail." *In re Sriberg,* 49 B.R. at 81.

Experience demonstrates that objections to discharge often generate extensive discovery which can be costly and time consuming. Therefore, in the interests of all concerned, the Court concludes that the complaint must be clear and give explicit notice to the defendant of the grounds upon which it is based to enable him to answer and prepare a defense, and for the Court to expeditiously render a decision on the merits. The importance of proper pleading "consists in its effectiveness as a means to accomplish the ends of a just judgment." *Maty v. Grasselli Chemical Co.,* 303 U.S. 197, 201, 58 S.Ct. 507, 509, 82 L.Ed. 745 (1938). *Id.* Still, in the case before the court, no facts were alleged to indicate in what manner, "The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained." While the court is mindful of the total allegations in the complaint concerning the debtor's financial statement and that the absence of a large sum of borrowed money and its use is otherwise unexplained in the debtor's statement of affairs and schedules, these allegations do not indi-

vidually or in combination state a cause of action pursuant to § 727(a)(3). Thus, this third count, as it presently appears in the complaint, does not sufficiently apprise the defendant of the complaint against him, is merely repetitive of the statutory language, and fails to state a cause of action. Fed.R.Civ.P. 12(b)(6) (Bankr.R. 7012). Still, in order to comport with the policy of Fed. R.Civ.P. 15 (Bankr.R. 7015), of allowing amendment of pleadings to cure deficiencies where justice requires, there is no evidence of bad faith and the opposing party will not be unduly prejudiced, and treating the motion to dismiss also as a motion for a more definite statement, *In re Shebel,* 54 B.R. at 197; 2A J. Moore & J. Lucas, *supra,* ¶ 12.18[4] at 12–157–58, this court grants the plaintiff ten (10) days from the date of the entry of the order accompanying this decision to amend the complaint to set forth allegations which could justify a denial of discharge pursuant to § 727(a)(3). Accordingly, the court grants the defendant's motion to dismiss with regard to the plaintiff's third count under § 727(a)(3) unless the plaintiff files an amended complaint within ten (10) days.

### 4. Count Four

The allegations asserted in plaintiff's fourth count could constitute the basis of a complaint for a denial of discharge under two separate subsections of § 727(a)(2) and (a)(5).

#### a. § 727(a)(2)

"The language of section 727(a)(2)(A) demonstrates that Congress intended to deny discharge to debtors who take actions designed to keep their assets from their creditors either by hiding the assets until after they obtain their discharge in bankruptcy or by destroying them." *Adeeb v. First Beverly Bank (In re Adeeb),* 787 F.2d 1339, 1344–45 (9th Cir.1986).

"Section 727's denial of discharge is construed liberally in favor of the debtor and strictly against those objecting to discharge. Accordingly, discharge of debts may be denied under section 727(a)(2)(A) only upon a finding of actual intent to

hinder, delay, or defraud creditors." *Id.* at 1342–43 (citations omitted). *Accord Roemelmeyer v. Fernandez (In re Fernandez),* 58 B.R. 10, 13 (Bankr.S.D.Fla.1985). Proving intent, however, is left to the trial stage. At the pleading stage, specific evidence of intent is not required. "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b) (Bankr.R. 7009).

Furthermore, because § 727(a)(2) is in the disjunctive, it is not necessary for the plaintiff to prove fraud—proof of "an intent to hinder or delay suffices." *Comprehensive Accounting Corp. v. Morgan (In re Cycle Accounting Services),* 43 B.R. 264, 271 (Bankr.E.D.Tenn.1984).

Here, it is clear, however, that the plaintiff has pled its § 727(a)(2) claim with sufficient particularity to notify the defendant that the substance of the complaint is that $440,500 in loans from specified banks is unaccounted for within the broad varieties of removal set forth in § 727(a)(2) and the broad definition of transfer under § 101(41) (1982).[4] Accordingly, the court overrules the defendant's motion to dismiss with regard to the § 727(a)(2) cause of action in count four of the complaint.

### b.  § 727(a)(5)

The second prong of the plaintiff's fourth count is an allegation under § 727(a)(5) that the defendant has not satisfactorily explained "any loss of assets or deficiency of assets to meet the debtor's liabilities."

Unlike § 727(a)(2) and (3), the element of "intent" need not be shown in pleading and proving a cause of action under § 727(a)(5). 4 *Collier On Bankruptcy, supra,* ¶ 727.08 at 727–63.

A creditor is not required to rely on a debtor's statement that he no longer has certain assets. *Schultz v. Shapiro (In re Shapiro),* 59 B.R. 844, 848 (Bankr.E.D. N.Y.1986). For that reason, the plaintiff need only establish a *prima facie* case "that some of the debtor's assets are missing and that the debtor has failed upon request of the plaintiff to give a satisfactory explanation, the debtor has the burden of going forward with evidence that will explain satisfactorily the losses." *Energy Marketing Corporation v. Sutton (In re Sutton),* 39 B.R. 390, 397 (Bankr.M.D. Tenn.1984). *See also Chalik v. Moorefield (In re Chalik),* 748 F.2d 616, 619 (11th Cir.1984); *Citizens Fidelity Bank and Trust Company v. Schermer (In re Schermer),* 59 B.R. 924, 925 (Bankr.W.D. Ky.1986); *Jensen v. Herzog (In re Herzog),* 60 B.R. 196, 198 (Bankr.M.D.Fla.1986); Bankr.R. 4005.

A *prima facie* case has been held to exist where a creditor shows that a debtor has listed assets in his schedules at a lower figure than he has previously presented himself to be worth, *Bartle v. Markson Bros., Inc.,* 314 F.2d 303, 305–06 (2d Cir. 1963); *In re Hochberg,* 17 F.Supp. 916, 919 (D.W.D.Pa.1936); 4 *Collier On Bankruptcy, supra* at 727–63–64, or where there was an unusual and unexplained disappearance of assets shortly before the debtor filed bankruptcy. *In re Chalik,* 748 F.2d at 619–20; *First Texas Savings Association, Inc. v. Reed (In re Reed),* 700 F.2d 986, 992–93 (5th Cir.1983); *In re Schermer,* 59 B.R. at 925; *In re Shapiro,* 59 B.R. at 848.

The court finds that the plaintiff has provided the defendant-debtor with sufficient notice at this initial pleading stage of its *prima facie* case when it set forth in its complaint that $440,500 was lent to the defendant within the year preceding his bankruptcy filing and the debtor has failed to explain satisfactorily why these funds were not reported as assets and their use was not otherwise explained in the debtor's statement of affairs or schedules, and why the debtor is unable to pay his creditors, resulting in this bankruptcy. Accordingly, the court overrules the defendant's motion

---

**4.** 11 U.S.C. § 101(41) (1982) provided that: " 'transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involun-tary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest."

to dismiss with regard to the § 727(a)(5) cause of action in count four of the complaint.

### C. Holding

Accordingly, the defendant's motion to dismiss is DENIED as to the plaintiff's first and fourth counts discussed herein and will be GRANTED as to the plaintiff's second and third counts unless the plaintiff files within ten (10) days from the date of the entry of the order accompanying this decision an amended complaint with regard to the second and third counts. If the plaintiff fails to file an amended complaint within the time limits set forth above, the second and third counts are dismissed ten (10) days after the entry of the order accompanying this decision. The defendant shall answer or otherwise plead to any amended complaint within ten (10) days after it is filed or shall answer or otherwise plead to the original complaint within twenty (20) days from the date this order is entered.