**In the Matter of ALAN WOOD STEEL COMPANY.**

No. 77–930 EG (Civ. A. No. 77–2579).

United States District Court, E. D. Pennsylvania.

Sept. 16, 1977.

As Amended Oct. 11, 1977.

---

James M. Peck, Philadelphia, Pa., for petitioner.

Robert H. Levin, Philadelphia, Pa., for receivers.

Leon S. Forman, Philadelphia, Pa., for PNB.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Alan Wood Steel Company (Debtor) on June 10, 1977 filed a petition with the Bankruptcy Court pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701–799. Four days later, on June 14, 1977, the Receivers of Debtor applied to the Bankruptcy Court for authority to borrow funds from the Philadelphia National Bank (PNB) and to issue Receivers' Certificates of Indebtedness as security for such loans, in accordance with the terms of a security agreement. On the same date, June 14, 1977, in response to the Receivers' application, the Bankruptcy Court entered an Order (June 14th Order) which authorized the Receivers to borrow from PNB. Prudential Insurance Company (Prudential), holder of Debtor's First Mortgage Bonds,[1] challenges the validity of the June 14th Order on the grounds that the loan transaction approved by the Bankruptcy Court (1) violated the terms of the Mortgage entered into by the Debtor for the benefit of the bondholders, in that Prudential was given no notice of the loan nor did Prudential consent to it, (2) was authorized without a showing of "cause" as required by Section 344 of the Bankruptcy Act, (3) and is inequitable with respect to the rights of Prudential as a secured creditor.

The Mortgage entered into by the Debtor for the benefit of the holders of the 6% First Mortgage Bonds prohibits the Debtor from incurring any indebtedness, with certain specified exceptions not pertinent here,

---

1. We note with interest that the 6% First Mortgage Bonds were issued pursuant to the terms of a First Mortgage and Deed of Trust in which PNB is named as Trustee. PNB resigned as trustee on July 30, 1977.

without notice to and written approval of the bondholders. Prudential was given no notice prior to the issuance of the June 14th Order. The existence and validity of the Mortgage is not disputed by the parties.

The Certificates of Indebtedness authorized by the June 14th Order give the loan from PNB priority over all other costs and expenses of administration. It is this "super priority" that Prudential contends is inequitable to its rights as a secured creditor. Prudential asserts that the security for its bonds is inadequate, and this "super priority" may result in a further erosion of the existing collateral; for example, since the PNB loans would be repaid ahead of the other expenses of administration, Prudential contends that unpaid·real estate taxes may accumulate on the mortgaged properties, thus impairing their value.

■ At oral argument, counsel for PNB stated that there is no longer any outstanding balance on the loans made by PNB, since all loans made pursuant to the June 14th Order have been repaid out of post-petition accounts receivable. Nevertheless, so long as the June 14th Order remains in effect, the Receivers continue to possess the power to borrow funds from PNB and issue Certificates of Indebtedness having priority over all expenses and costs of administration. Thus, the validity of the June 14th Order is still very much at issue.[2] We find that the Order is invalid, and reverse.

■ Section 344 of Chapter XI of the Bankruptcy Act, which governs the issuance of Receiver's Certificates of Indebtedness, states in pertinent part:

[T]he court may *upon cause shown* authorize the receiver or trustee . . . to issue certificates of indebtedness . . upon such terms and conditions and with such security and priority in payment over existing obligations *as in the particular case may be equitable.*

11 U.S.C. § 744 (1970) (emphasis added). We interpret this section to require the Bankruptcy Court to make specific findings based upon the clearest evidence that there is "cause" for the issuance of the Certificates of Indebtedness.

■ Professor Collier states with respect to the requirement of "cause," "In general, there should appear both benefit to the estate by the issuance of the certificates, and necessity for their issuance because the consideration to be acquired therewith cannot be acquired by an ordinary credit transaction." 8 *Collier on Bankruptcy* § 6.40[4] (14th ed. 1976). Thus, the phrase "upon cause shown" requires some showing above and beyond mere need; it must be established based upon a proper record that the issuance of the certificates is the most practicable or feasible way of meeting that need. Although the Bankruptcy Court necessarily has considerable discretion in determining whether "cause" exists, it would appear that the Bankruptcy Court failed to exercise its discretion in a meaningful manner in determining if "cause" existed since no findings were made by the Bankruptcy Court in support of its presumptive determination of "cause" shown. It is elementary that for a court to exercise discretion, it must in fact exercise discretion. Obviously, this requires the Bankruptcy Court to articulate the reasons for its exercise of discretion; otherwise, it is impossible for this Court to judge whether the exercise of discretion was properly made.[3] E. g., *Kreda v. Rush,* 550 F.2d 888 (3d Cir. 1977); *Goode v. Rizzo,* 506 F.2d 542, 549 (3d Cir. 1974), *rev'd on other grounds,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). At the very least, the Bankruptcy

---

**2.** Even if there were loans outstanding from PNB, a decision as to the validity or invalidity of the June 14th Order would have no effect on the status of PNB, to the extent that PNB is a good faith holder of Certificates of Indebtedness already issued, because Prudential did not move for a stay of the Bankruptcy Court's Order as required by Bankruptcy Rule 805.

*See 14 Collier on Bankruptcy* ¶ 11–62–11 (14th ed. 1976).

**3.** *See generally* R. Aldisert, The Judicial Process 759–76 (1976) for a discussion of many of the problems inherent in reviewing an exercise of discretion.

Court should have made careful findings in support of its Order based upon an evidentiary hearing or detailed affidavits. We conclude that without specific findings of "cause", founded upon an adequate record, the June 14th Order is invalid.[4]

We therefore reverse the June 14th Order of the Bankruptcy Court.

---

**4.** Numerous other contentions were raised by the parties to this appeal, all of which we have considered carefully. However, in view of our finding that the June 14th Order is invalid, it is unnecessary to deal individually with each of these contentions.