In re Robert KUBICK, d/b/a Kubick Enterprises, d/b/a Southwest Enterprises, d/b/a Quadrant & Development Co., and Sharon R. Kubick, Debtors.

Robert KUBICK, d/b/a Kubick Enterprises, d/b/a Southwest Enterprises, d/b/a Quadrant & Development Co., and Sharon R. Kubick, Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.

BAP No. AK–93–1788–OAsV.

Bankruptcy No. A–92–00919–HAR.

Adv. No. 92–00919–002.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 24, 1994.

Decided Sept. 9, 1994.

**659**

Rebecca S. Copeland, Paul W. Koval, Anchorage, AK, for appellants.

Richard Ullstrom, Anchorage, AK, for appellee.

Before OLLASON, ASHLAND and VOLINN, Bankruptcy Judges.

### OPINION

VOLINN, Bankruptcy Judge.

### OVERVIEW

Debtors appeal a default judgment denying their discharge pursuant to § 727(a).[1] We VACATE the judgment.

### STATEMENT OF FACTS

On April 5, 1993, appellee Federal Deposit Insurance Corporation (FDIC) filed a com-

1. Unless otherwise stated, all references to "Section" are to the Bankruptcy Code, 11 U.S.C.

plaint objecting to the debtors' discharge pursuant to § 727. The complaint alleged jurisdiction and then restated, without any additional facts, the statutory language found in § 727(a)(2)(A) and (B) and § 727(a)(3) and (4). Service of the summons and complaint was properly made on the debtors and their counsel via mail. The debtors failed to answer or appear. On June 15, 1993, the FDIC moved for entry of default. On June 16, 1993, the clerk of the bankruptcy court entered a default against the debtors. The debtors did not move to vacate the default or appeal it.

On motion by the FDIC, the bankruptcy court entered a default judgment on June 21, 1993 without a hearing. The debtors did not move for relief from the judgment, but have appealed to the panel directly on the grounds that the complaint is insufficient to sustain a claim for relief.

### STANDARD OF REVIEW

The power to grant a default judgment is within the broad discretion of the trial court. *Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied,* 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989) (citing *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 511–12 (9th Cir.1986); *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir.1986)). A default judgment will be upheld unless there was an abuse of this discretion. *Alan Neuman Productions* at 1391–92. "Under the abuse of discretion standard, the panel must have 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached' before reversal is proper." *In re Tong Seae (U.S.A.), Inc.,* 81 B.R. 593, 597 (9th Cir. BAP 1988), citing *Mission Indians v. American Management & Amusement, Inc.,* 824 F.2d 710, 724 (9th Cir.1987).

### ISSUE

Whether a default judgment based on a complaint to deny the debtor a discharge

§§ 101–1330.

under § 727 that recites only statutory language as grounds for denial can support a default judgment with no further examination by the court.

## DISCUSSION

■ Although entry of a default judgment is usually attacked collaterally under Rule 60(b),[2] on direct appeal a defendant can contest the legal sufficiency of allegations contained in the complaint. *Alan Neuman Productions* at 1392.

> Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal. However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment. On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment.

*Id.,* quoting *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir.1978) (internal citations and quotations omitted).

■ A complaint that merely recites statutory language fails to state a claim under Rule 12(b)(6). *In re Englander,* 92 B.R. 425, 427 (9th Cir. BAP 1988) (amendment of dismissed § 523(a) complaint allowed); *In re Jenkin,* 83 B.R. 733, 735 (9th Cir. BAP 1988) (§ 727 complaint); *In re Schwartzman,* 63 B.R. 348, 355 (Bankr.S.D.Ohio 1986) (treating a motion to dismiss complaint for objection to discharge under § 727(a)(3) as a motion for a more definite statement). Dismissal is indicated in that Rule 9(b) requires that fraud be pled with particularity, and because while Rule 8 merely requires a "short and plain statement of the claim showing that the pleader is entitled to relief," mere statutory language does not plead facts sufficiently so that they may be answered or denied. *Schwartzman* at 356.

■ The above cases uniformly hold that the plaintiff should be permitted to amend the complaint under Rule 15 if no bad faith or undue burden to the defendant is shown. Amendment of an insufficient complaint is predicated on the standard that a motion to dismiss should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The rationale underlying this standard is the effect of the finality of the dismissal on the plaintiff. *Schwartzman* at 355. Under the above cases, the debtors would have prevailed on a motion for a more definite statement. The debtors did not answer or appear, however, and were defaulted.

■ Nevertheless, the plaintiff has an initial burden to show "that the pleader is entitled to relief." Rule 8(a). Although it is not necessary at the pleading stage to "plead evidentiary detail," *In re Sriberg,* 49 B.R. 80, 81 (Bankr.D.Mass.1984), facts must be alleged sufficiently to apprise the defendant of the complaint against him, and a claim that is "merely repetitive of the statutory language . . . fails to state a cause of action." *Schwartzman* at 359.

■ Section 727(a), in pertinent part, states:

> (a) The court shall grant the debtor a discharge, unless—
>
> > (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed—
> >
> > (A) property of the debtor, within one year before the date of the filing of the petition; or
> >
> > (B) property of the estate, after the date of the filing of the petition;
> >
> > (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to

**2.** Unless otherwise stated, all references to "Rule" are to the Federal Rules of Civil Procedure, 1–71, made applicable by the Bankruptcy Rules. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, 1001–9036.

keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account[.]

The FDIC's complaint contained four paragraphs of parallel statutory language:

5. The debtor-defendants, Robert and Sharon Kubick (debtors), with intent to hinder, delay, or defraud a creditor, have transferred or concealed, or have permitted to be transferred or concealed, property of the debtors within one year before the date of the filing of the petition.

6. The debtors, with intent to hinder, delay, or defraud a creditor or an officer of the estate, have transferred, removed, or concealed property of the estate after the date of the filing of the petition.

7. The debtors have destroyed, concealed, mutilated, falsified, or failed to keep or preserve recorded information from which the debtors' financial condition or business transactions might be ascertained.

8. The debtors have knowingly and fraudulently, in or in connection with the case, made a false oath or account.

A default judgment should be not entered on a complaint that fails to support a claim for relief. Rule 9(b), made applicable by Bankruptcy Rule 7009(b), requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The FDIC's complaint fails to meet this standard to support a claim under § 727(a)(4) and those elements of subsections (2) and (3) based on fraud or mistake.

The elements under § 727(a)(2) and (3) are listed in the disjunctive, however, and each provides a separate basis for the denial of the debtor's discharge. *See In re Adeeb,* 787 F.2d 1339, 1342–43 (9th Cir.1986); *In re Rice,* 109 B.R. 405, 407 (Bankr.E.D.Ca.1989),

*aff'd,* 126 B.R. 822 (9th Cir. BAP 1991). Rule 8(a), made applicable by Bankruptcy Rule 7008(a), requires only "a short and plain statement of the claim showing that the pleader is entitled to relief...."

Nevertheless, the FDIC's complaint does not allege facts that would constitute a statement of any claim under § 727. The complaint alleged no facts to indicate what property of the debtors or of the estate the debtors have "transferred ... or concealed, or ha[ve] permitted to be transferred ... or concealed," or in what manner the debtors have "concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information ... from which the debtor[s'] financial condition or business transactions might be ascertained." *See Schwartzman* at 359. The complaint of the FDIC fails to state a claim under either Bankruptcy Rule 7009(b) or 7008(a) and would be open to attack under Rule 12(b)(6).

The question presented is whether a complaint that parrots the statutory language of § 727 can support a default judgment without some further indication of the validity of the claim. In a Rule 12(b)(6) proceeding, correction of the defective pleading may be arrived at by amendment pursuant to Rule 15. When a defendant fails to appear or defend, however, the plaintiff is entitled to seek a judgment by default.

■ As noted, a default judgment is entered in the sound discretion of the trial court. "It is elementary that for a court to exercise discretion, it must in fact exercise discretion. Obviously, this requires the Bankruptcy Court to articulate the reasons for its exercise of discretion...." *In re Alan Wood Steel Co.,* 437 F.Supp. 949, 951 (E.D.Pa.1977). When considering entry of a default judgment, the court should consider the following factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal

Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986).

The court, prior to entry of a default judgment, has an independent duty to determine the sufficiency of a claim, as stated in Rule 55(b)(2):

> [T]he court may conduct such hearings or order such references as it deems necessary and proper....

The complaint of the FDIC fails to meet the third factor identified in *Eitel.* The record shows that the debtors have debts totalling some 56 million dollars. There is no indication in the record that the court exercised its discretion prior to entering what is tantamount to a judgment in that sum against the debtors simply on the basis of the debtors' default. The trial court should not have entered a default judgment based on an insufficient complaint without first taking those steps necessary to satisfy itself as to the propriety of entry of the judgment.

Had debtors moved for dismissal of the complaint under Rule 12(b)(6), the court would have dismissed it unless the FDIC amended it. The FDIC might contend that the debtors have been rewarded for ignoring process rather than responding to it, and have improved their position by bypassing the required showing of excusable neglect required to set aside a default judgment under Rule 60(b). This benefit is marginal, and is due in some measure to the pleading errors of the plaintiff's complaint.

The FDIC has been granted a default that may not be set aside without a showing of good cause. Bankruptcy Rule 7055; Rule 55(c). The debtors may only move to set aside this default by leave of the court. Rule 55(a)(2). The court is not required to set aside the default and may conduct such hearings as it deems necessary pursuant to Rule 55(b)(2). We do not hold that a default judgment cannot be entered on the FDIC complaint. We hold only that the court must exercise its informed discretion, since the complaint is not pled sufficiently to withstand a motion to dismiss.

## CONCLUSION

The default judgment is VACATED and the matter REMANDED to the bankruptcy court for such further proceedings, pursuant to the order of default, as may be appropriate.