**IN RE: Pamela Marie BROWN, Debtor,**

**Pamela Marie Brown, Plaintiff,**

v.

**CitiBank, N.A., Defendant.**

**Bankruptcy Case No. 14–07464–CL7**

**Adversary Proceeding No. 14–90230–CL**

United States Bankruptcy Court, S.D. California.

Signed October 9, 2015

Pamela Marie Brown, pro se.

Citibank NA, pro se.

## *MEMORANDUM DECISION AND OR-DER FINDING BAR STUDY LOAN TO BE AN EDUCATION LOAN, DENYING DEFAULT JUDGMENT, AND DISMISSING COMPLAINT*

CHRISTOPHER B. LATHAM, JUDGE, United States Bankruptcy Court

Before the court is Debtor–Plaintiff Pamela Marie Brown's ("Brown") motion for default judgment against Creditor–Defendant Citibank, N.A. ("Citibank"). Brown, a law school graduate, seeks a determination that her bar study loan from Citibank is not an education loan for bankruptcy purposes and so is dischargeable in the normal course. Her complaint does not allege undue hardship under § 523(a)(8).[1] The court finds that Brown is not entitled to default judgment and dismisses this adversary proceeding.

## I. JURISDICTION AND VENUE

The court has jurisdiction over this adversary proceeding under 28 U.S.C.

1. Unless otherwise noted, all statutory citations in this memorandum are to the Bankruptcy Code, Title 11 of the United States Code.

§§ 1334(b) and 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409(a).

## II. BACKGROUND

On September 19, 2014, Brown brought a voluntary Chapter 7 petition (Case No. 14–07464–CL7). Her Schedule F (Bankr. ECF No. 1, p. 17) includes a September 5, 2008 obligation to "Citibank N.Y. State." Brown's schedules give no other description of the debt. And because this was a "no asset" case, no proofs of claim were filed. *See* Fed. R. Bankr. P. 2002(e). On October 26, 2014, the Chapter 7 Trustee issued a report of no distribution. And Brown received a discharge on December 23, 2014. The case was closed on December 29, 2014. Brown brought this adversary proceeding on December 12, 2014.

Brown asserts that the obligation to Citibank is a "bar preparation loan" she incurred in September 2008 for the purpose of sitting for the California Bar Examination. The loan covered examination costs and fees, moral character determination fees, and living expenses while Brown studied for the bar. But she does not believe the loan is subject to § 523(a)(8)'s nondischargeability provisions because it does not fall under any of that statute's enumerated categories. Nor does she contend that paying the loan obligation would impose an undue hardship on her.

Citibank has not responded or otherwise appeared in this adversary proceeding. The court entered Citibank's default on May 8, 2015 (ECF No. 20). Brown then brought this motion for default judgment (ECF No. 24).

The court initially heard argument on August 6, 2015. It then continued the matter with instructions that Brown provide: (1) a memorandum of point and authorities discussing whether a bar study loan is an educational loan under § 523(a)(8); (2) a copy of the subject note supported by a declaration; (3) a copy of the most recent Citibank statement showing to whom the loan was paid and when; and (4) a declaration stating whether Brown has any knowledge of whether the note was assigned to another holder or taken over by a guarantor.

The court held a further hearing on September 10, 2015. It now addresses Brown's arguments and concludes that she is not entitled to judgment on her complaint. She fails to establish entitlement to judgment as a matter of law. Accordingly, the court dismisses this adversary proceeding without prejudice.

## III. LEGAL ANALYSIS AND CONCLUSIONS

### A. Section 523(a)(8) Nondischargeability

The Bankruptcy Code is designed to provide a "fresh start" to the discharged debtor. *United States v. Sotelo*, 436 U.S. 268, 280, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978). As a result, the Supreme Court has interpreted exceptions to the broad presumption of discharge narrowly. *See Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). As we have observed "exceptions to discharge should be limited to dishonest debtors seeking to abuse the bankruptcy system in order to evade the consequences of their misconduct." *Sherman v. SEC (In re Sherman)*, 658 F.3d 1009, 1015–16 (9th Cir.2011).

*Hawkins v. Franchise Tax Bd. of Cal.*, 769 F.3d 662, 666 (9th Cir.2014).

Under § 523(a)(8), the following claims are excepted from discharge:

(A)(i) an educational benefit overpayment or loan made, insured, or guaranteed ·by a governmental unit, or made under any program funded in whole or

in part by a governmental unit or non-profit institution; or

(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual . . .

11 U.S.C. § 523(a)(8).

 Brown seeks to discharge her bar study loan through a finding that it is not an education loan. Ordinarily, the creditor bears the burden of proving that a particular debt falls within one of § 523(a)'s exceptions to discharge. *See Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *see also In re Betancourt,* BAP No. CC–14–1010–KiKuDa, 2015 WL 3500322, at *5 (9th Cir. BAP June 3, 2015). But under § 523(a)(8), "the lender has the initial burden to establish the existence of the debt and that the debt is an educational loan within the statute's parameters . . . The burden then shifts to the debtor to prove all three *Brunner* prongs by a preponderance of the evidence." *In re Roth,* 490 B.R. 908, 916–17 (9th Cir. BAP 2013); *see also Benson v. Corbin (In re Corbin),* 506 B.R. 287, 291 (Bankr.W.D.Wash.2014); *In re Maas,* 497 B.R. 863, 868–69 (Bankr. W.D.Mich.2013); 11 U.S.C. § 523(a)(8). Brown is not alleging, however, that repaying the loan would be an undue hardship. Rather, she admits the debt but contends that it is subject to her § 727 discharge since it is not among the types of obligations set forth in §§ 523(a)(8)(A)(i), (a)(8)(A)(ii), or (a)(8)(B). The court considers each basis in turn.

**1. § 523(a)(8)(A)(i)**

 Brown alleges that the subject bar study loan was not "made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." 11 U.S.C. § 523(a)(8)(A)(i). The court finds this formulaic recitation dubious. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To start, it has reservations about the sufficiency of Brown's evidence and her inadequate compliance with the court's prior instructions. She offers a July 30, 2014 account statement, dating from two months before her bankruptcy. It indicates that, as of its date, Citibank held the loan with a principal balance of $15,000 and $4,051.60 in accrued interest. The "loan type" listed on the statement is "student loan." The court instructed Brown at the August 6, 2015 hearing to provide evidence of whether the note was assigned to another holder or was assumed by a guarantor. In her declaration—as well as in open court on September 10, 2015—Brown stated that she no longer has the note and is unsure if the loan was transferred to a guarantor. But she proffers no evidence for the blanket assertion that no governmental unit or nonprofit organization was involved in funding, insuring, or guaranteeing the subject loan in any degree. Not having proven the claim, she is not entitled to judgment based on § 523(a)(8)(A)(i).[2]

**2. § 523(a)(8)(A)(ii)**

 Brown further asserts that her bar loan is not "an obligation to repay funds received as an educational benefit, scholarship, or stipend." The court specifically directed additional briefing on the question of whether a bar study loan is an education loan under § 523(a)(8), but Brown's sup-

**2.** *See* discussion at III.B., *infra.*

plemental memorandum of points and authorities fails to meaningfully address the issue. And the court concludes that a bar study loan indeed falls under § 523(a)(8)(A)(ii)'s broad definition of "educational benefit."

This appears to be an unresolved issue in the Ninth Circuit. Indeed, the Bankruptcy Appellate Panel ("BAP") in the recent decision *In re Christoff,* 527 B.R. 624 (9th Cir. BAP 2015)—while analyzing the separate issue of what constitutes "funds received" under § 523(a)(8)(A)(ii)—acknowledges that there are no published Ninth Circuit Court of Appeals or BAP cases interpreting § 523(a)(8)(A)(ii) since BAPCPA's 2005 enactment. *In re Christoff,* 527 B.R. at 632. And there is only one other published opinion in this circuit construing the provision: *In re Corbin.*

In *Corbin,* a non-debtor co-signer paid off an education loan and then obtained a default judgment against the student in state court. After the latter filed bankruptcy, the court had to consider whether the loan was nondischargeable under §§ 523(a)(8)(A)(i) and (ii). In its § 523(a)(8)(A)(ii) analysis, the court interpreted the term "educational benefit," noting first that it is not defined in the Bankruptcy Code. *In re Corbin,* 506 B.R. at 296. Its analysis is instructive.

The *Corbin* court notes that "a majority of courts have held that a loan qualifies as an 'educational benefit' if the stated purpose for the loan is to fund educational expenses." *Id.* (citing *In re Maas,* 497 B.R. at 869–70). Further, "courts have interpreted the phrase 'obligation to repay funds received as an educational benefit' so broadly ... that Section 523(a)(8)(A)(i) is almost subsumed by subsection (ii)." *In re Corbin,* 506 B.R. at 296 (citing *In re Beesley,* No. 12–24194–CMB, 2013 WL 5134404, at *4 (Bankr.W.D.Pa. Sept. 13, 2013)). The court goes on to note that "[P]ublished cases addressing

§ 523(a)(8)(A)(ii) ... merely support the proposition that subsection (ii) is interpreted very broadly." *In re Corbin,* 506 B.R. at 296; *see also In re Baiocchi,* 389 B.R. 828, 831–32 (Bankr.E.D.Wis.2008) (§ 523(a)(8)(A)(ii) must be read as encompassing a broader range of educational benefit obligations). Additionally, "[w]hen analyzing subsection (ii), courts pay no attention to who the lender is, but focus instead entirely on whether, in the plain language of the subsection, the obligation is 'to repay funds received as an educational benefit' as reflected by the debtor's agreement and intent to use the funds at the time the obligation arose." *In re Corbin,* 506 B.R. at 296. The *Corbin* court concludes that "it appears that almost any obligation incurred for the purpose of paying an education-related expense is excepted from discharge under 523(a)(8)(A)(ii)." *Id.* Thus, the trend in the Ninth Circuit and elsewhere is to interpret § 523(a)(8)(A)(ii) broadly.

At least one other bankruptcy court, analyzing the very issues at bar, has come to the same conclusions. In *In re Skipworth,* No. 09–83982–JAC–7, 2010 WL 1417964 (Bankr.N.D.Ala. Apr. 1, 2010), the debtor filed an adversary proceeding against Citibank Student Loan Corporation seeking a determination that a debt owed to Citibank was dischargeable under § 523(a)(8) because the obligation was neither insured by the government nor an educational loan as defined in the Internal Revenue Code. There—as here—the debtor received a loan from Citibank to pay for a bar examination review course. In concluding that the obligation was a student loan under § 523(a)(8), the court found that the debtor: (1) admitted the loan was incurred for bar study; (2) took out the loan while he was enrolled as a law student; (3) listed the loan on Schedule F as a "student loan"; and (4) was given the loan to assist him with his educational

expenses, i.e., the bar review course. *In re Skipworth,* 2010 WL 1417964, at *2. The court also found that § 523(a)(8)(A)(ii) is to be interpreted broadly. *Id.* It ultimately denied the motion for default judgment and dismissed the adversary proceeding. *Id.* at *3.

With the exception that the *Skipworth* debtor took out his loan while enrolled as a law student—Brown incurred hers post-graduation—the circumstances are essentially identical to those here. Brown admits that she borrowed the money so she could sit for the California Bar Examination and support herself while preparing. She discloses the obligation on Schedule F. Though Schedule F does not describe the loan, Brown's supplemental declaration states that she has a "student loan account with Defendant" (ECF No. 35, p. 4). And the attached Citibank statements list the "loan type" as "student loan." [3]

The analysis in *Skipworth* is apposite and persuasive. The subject loan's exact timing—coming, as it did, after Brown received her law degree—does not amount to a material difference. Both cases featured a *bar study loan* that both debtors conceded was a *student loan.* And by the endeavor's very nature, bar preparation typically occurs after schooling is done and before the examination date. There is no meaningful distinction between Brown's case and *Skipworth* in that regard. That Brown signed the note after graduating does not make it any less an educational benefit. If she had not attended law school, she would not have had the need—nor likely even the opportunity—to take a bar study loan.[4] In addition, a require-ment for the debtor to have been a student when the debt was incurred applies only to § 523(a)(8)(B).[5] There is no corresponding provision in § 523(a)(8)(A). The court gives effect to this textual difference and concludes that a debtor need not have been a student at the time of the loan for nondischargeability under either of § 523(a)(8)(A)'s two subsections.

The court is persuaded by these authorities, and concludes that § 523(a)(8)(A)(ii) should be interpreted broadly to include a bar examination loan under the definition of "educational benefit." Brown cites no authority holding otherwise, despite the duty of candor to the court to acknowledge case law contrary to her position.

### 3. § .523(a)(8)(B)

■■ In addition, Brown argues that her bar study loan is not a "qualified education loan" under § 523(a)(8)(B). "Qualified education loan," for bankruptcy purposes, is defined in § 221(d)(1) of the Internal Revenue Code of 1986. 11 U.S.C. § 523(a)(8)(B). There, a "qualified education loan" is

> any indebtedness incurred by the tax-payer solely to pay qualified higher education expenses—(A) which are incurred on behalf of the taxpayer ... as of the time the indebtedness was incurred, (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and (C) which are attributable to education furnished during a period during which the recipient was an eligible student.

26 U.S.C. § 221(d)(1)(A)-(C). Brown asserts that the subject loan does not meet

---

**3.** In addition, Brown stated at oral argument on September 10, 2015 that the Citibank student loan application form she submitted was specifically one for bar study. Thus she and Citibank were presumably both aware that the loan was being taken in furtherance of Brown's legal education.

**4.** Notwithstanding those rare situations where applicants without formal legal education can qualify to take the California Bar Examination. *See* Cal. Bus. & Prof. Code § 6060(e)(2)(B)-(C).

**5.** *See* discussion at III.A.3., *infra.*

this definition because she did not incur it while an eligible student. Given the Internal Revenue Code's definition of "eligible student", she is correct. *See* 26 U.S.C. § 25A(b)(3). She graduated from law school in May 2008, but did not take the Citibank loan until September 2008. The court thus finds § 523(a)(8)(B) inapplicable to this loan.

### B. Brown Is Not Entitled to Default Judgment

 Brown—in both her motion and supplemental papers—emphasizes that she should have default judgment because "Plaintiff has satisfied the procedural requirements for default judgment pursuant to Federal Rule of Civil Procedure 55(a)." This is not so. Federal Rule of Civil Procedure 55(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7055, establishes "a two-step process to obtain a default judgment in a nondischargeability proceeding: '(1) entry of the party's default (normally by the clerk), and (2) entry of a default judgment.'" *In re Yong Li,* BAP Nos. CC11–1490–HTaMk, 11–15237–TD, 11–02107–TD, 2012 WL 5419068, at *2 (9th Cir. BAP Nov. 7, 2012) (quoting *In re McGee,* 359 B.R. 764, 770 (9th Cir. BAP 2006)). But "entry of a default does not entitle the nondefaulting party to a default judgment as a matter of right." *Id.* The Ninth Circuit sets forth seven factors to consider in reviewing a motion for default judgment:

- The possibility of prejudice to the plaintiff;
- The merits of the plaintiff's substantive claim;
- The sufficiency of the complaint;
- The sum of money at stake in the action;
- The possibility of a dispute concerning material facts;
- Whether the default was due to excusable neglect; and

- The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.; see also Senior's Choice v. Mattingly,* No. SACV–11–1622–JST (MLGx), 2012 WL 3151276, at *2 (C.D.Cal. July 31, 2012) (citing *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986)).

 Further, "before granting a default judgment, the court must first ascertain whether the unchallenged facts constitute a legitimate cause of action." *In re Yong Li,* 2012 WL 5419068, at *2 (quoting *Chanel, Inc. v. Gordashevsky,* 558 F.Supp.2d 532, 536 (D.N.J.2008)). And "a court may refuse to enter a default judgment if it determines that no justifiable claim has been alleged." *In re Yong Li,* 2012 WL 5419068, at *2; *see also In re Kubick,* 171 B.R. 658, 662 (9th Cir. BAP 1994) ("The court, prior to entry of a default judgment, has an independent duty to determine the sufficiency of a claim....").

 In denying Brown's motion, the court affords significant weight to the second and third factors set forth above. She has not met her burden of proving that her loan obligation to Citibank does not fall under § 523(a)(8)'s nondischargeability requirements. Not only is she wrong on the merits of her substantive claim, her adversary complaint is insufficient as a matter of law. Brown has failed to state a claim upon which relief can be granted. Accordingly, the motion for default judgment is denied, and the adversary proceeding is dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the court holds that the subject bar study loan is an education loan for § 523(a)(8) purposes, and thus not dischargeable in bankruptcy absent a showing of undue hardship. Brown's motion for default judgment to

the contrary is accordingly **denied,** and the complaint is **dismissed** without prejudice.

IT IS SO ORDERED.